## NILES *v.* RANSFORD.

Where mortgaged premises were advertised by the mortgagee, in pursuance of the statute, to be sold under a power of sale in the mortgage, and the mortgagee afterwards, and before the day of sale, assigned the mortgage to a third person, who continued the advertisement in the mortgagee's name, instead of advertising anew as assignee in his own name, and on the sale purchased the mortgaged premises, the sale was held irregular and void, and not to bar the mortgagor's equity of redemption.

A conveyance of all one's right, title and interest in land, will pass the grantor's interest in a mortgage on the same land.

A lessee of a mortgagor is not estopped, in an action of ejectment brought against him by the mortgagor, from showing his interest in the demised premises as assignee of the mortgagee, to protect his possession.

Niles ℴ Ransford.

EJECTMENT. Case made by the parties, and reserved by the Oakland Circuit Court. The facts, so far as it is necessary to state them with reference to the questions decided by the court, were as follows: Niles, on the 13th April, 1836, purchased the premises in question of George Postal, sen., and George Postal, jun., and at the time gave back a mortgage to Postal sen. for a part of the purchase money. The mortgage was not paid at maturity, and Postal sen. advertised the premises to be sold on 14th July, 1838, pursuant to the statute, under a power of sale in the mortgage. Afterwards, and before the day of sale, Postal sen. assigned the mortgage to Postal jun., who, without advertising anew, had the lands sold under the advertisement of Postal sen., by the sheriff, and purchased them on the sale. Niles afterwards redeemed, or attempted to redeem the mortgaged premises; but it is unnecessary to state this part of the case, as the questions raised by it are not noticed in the opinion of the court. On 23d April, 1838, Niles leased the premises to the defendant, Ransford, for one year; and on the 18th August following, Postal jun. and wife conveyed them to Ransford by warranty deed.

*Joy*, for plaintiff.

*J. M. Howard and Stevens*, for defendant.

*By the court*, WING, J. The mortgage bears date the 13th April, 1836, and contains a power of sale. It was executed under the provisions of "An act entitled an act concerning mortgages," approved April 19, 1833, Laws 1833, p. 233. On sales under this act, for purchase money, no redemption is allowed. The act of 1837, Sess. L. 1837, p. 315, amendatory to the act of 1833, authorized a redemption within one year after sale on foreclosure of mortgages given for purchase money, and this provision was by the same act made applicable as well to mortgages executed before, as those executed after the passage of the act. After the amount secured to be paid by the mortgage fell due, George Postal, sen., the mortgagee, commenced a foreclosure of the mortgage by advertisement; which bears date the 18th April, 1838, and appoints the day of sale on the 14th July. Previous to the day of sale, and on the 8th June, the mortgagee assigned the mortgage to George Postal jun. In this assignment no interest is reserved to the mortgagee.

In case of the non payment of the sum of money secured by the mortgage, authority is given in the mortgage to the *mortgagee, his executors, administrators and assigns,* to grant, bargain, sell and convey the mortgaged premises at public auction, *according to the provisions of any statute now in force or hereafter to be passed.* By the 8th section of the law of 1833, it is provided that the sale shall be made *by the person appointed for the purpose in the mortgage deed,* or the sheriff, under sheriff, or any deputy sheriff of the proper county.

To determine whether the mortgagee or his assignee has complied with the power granted in the mortgage, we will first consider the nature and extent of this power. Mr. Sugden, in his Treatise on Powers, p. 223, remarks: " We must be careful to distinguish cases where the power is originally authorized to be executed by the donee of the power and his assigns, for in those cases where the power is annexed to an interest in the donee, it will pass with it to any person who comes to the estate under him, although there are twenty mesne assignments, or whether the claimant is an assignee in fact or in law, as an heir or executor."

This is the general doctrine. In New York they have a statute from which the act of 1833 was taken. Their courts have uniformly held that the ordinary power of sale in a mortgage is a power coupled with an interest; that it relates to the land, and is given to a person who derives under the instrument creating the power, a present interest in the land. Bergen *v.* Bennett, 1 Caines' Ca. 1-15; Wilson *v.* Troup, 2 Cowen 236. In this last case, Judge Sutherland calls it " a power appendant or annexed to the land." There are abundance of cases in the New York reports asserting the same doctrine; and these authorities also establish the doctrine, which would seem to flow of necessity from what we have said, that by an assignment of the mortgage, the power to sell passes with it. And it follows, that after assignment, the assignee must bring the suit to foreclose, and the mortgagee can no longer maintain a suit for that purpose, or even to recover seizin of the land, and if he attempts to bring suit, his alienation of the mortgaged premises may be plead in bar. Gould *v.* Newman, 6 Mass. 241; Wallace *v.* Dunning, Walker's Ch. R. 416.

In the case of Slee *v.* Manhattan Company, 1 Paige 78, Chancellor Walworth says, " The authority to execute the power is vested in the

Niles *v.* Ransford.

assignee by the mere act of assigning the legal interest in the mortgage. It always passes with the legal "estate, unless there are some words of reservation." The authority to sell is a special power, and it must be strictly pursued. 3 John. Ch. R. 344. When the owner of a mortgage forecloses under the statute and this power of sale, the mortgagor is not made a party, as in case of foreclosure in chancery, and in this case it does not appear that he knew of the assignment before, if he did on the day of sale. The person so foreclosing must see to it that he in all material matters keeps within the powers given to him, for there are no legal presumptions or intendments raised by the law to support his proceedings, as there might be if the sale was made pursuant to a decree and order of a court of chancery.

It is urged by defendant's counsel, that it was competent to advertise the sale in the name of the mortgagee, though he had parted with his interest, because the power expressly authorizes the mortgagee, as well as his executors, administrators and assigns, to sell.

The power to sell was of necessity given to the mortgagee, but only because he had an interest; and I can see no better authority for his interfering, or for his name being used in this case, than there would be in an executor advertising a mortgage sale in the name of a deceased mortgagee. The notice might be seen, and the public and the mortgagor would be advised of the proceeding in the one case as well as in the other. I do not understand that it is a mere matter of form, as is suggested by Justice Sutherland, in the case of Wilson *v.* Troup. It is a question of power, and was designed to be confided and confined to the person who, at the time of foreclosure, owned the mortgage, otherwise the legal positions which we have established would have no force. (See justice Woodworth's opinion in the same case.) An advertisement in the name of the mortgagee in this case can have no greater force or effect than if it had been made in the name of a third person, a stranger to all the parties in interest, which would be none at all. If the advertisement may be made in the name of the mortgagee, it can only be on the ground of his having some power; and yet how can the power be divided or separated from the interest in the land? If it can be, what is to prevent a mortgagee, after he has assigned all his interest, from selling after the mortgage is forfeited or due, without any regard to the wishes of the assignee? Where is the restriction?

It is urged that the notice of sale is not required by the statute to be signed by any one, but no conception can be formed of a *legal notice* which does not disclose on its face that it emanates from some person or court claiming to have the power to act in the manner indicated by the notice. It is this that gives to it its force—that makes it a notice. The statute does not prescribe the form of the notice. It declares that a notice shall be given, in which certain matters shall be specified—it does not regulate its form in other respects. .

The mere act of continuing the advertisement in the name of the mortgagee, by the assignee after he acquired the whole interest in the mortgage, gave it no force—he was no party to the notice. But let us suppose that the advertisement could be made in the name of the mortgagee: how then does the case stand? What evidence have we that the assignee, the grantor of defendant, purchased the equity of redemption at the mortgage sale? Defendant produces in evidence affidavits of publication, and affixing notice of sale and of the circumstances of such sale, and insists that the assignee being the owner of the mortgage, no further act or deed was necessary to perfect the foreclosure and vest the equity of redemption in him. Admitting that the 19th section of the act includes assignees as well as mortgagees, does he bring himself within the provisions of the' section? This section authorizes the mortgagee to " purchase at any mortgage sale made in virtue of a power of sale contained in the mortgage," and it declares, that " his title shall not, on that account, be impeached or defeated at law or in equity: provided, the sale was in every other respect conducted in good faith;" and it further declares, " that the affidavits of publication and affixing notice of sale and the circumstances of such sale, shall be evidence of the sale and of the foreclosure of the equity of redemption, without any conveyance or certificate from the officer, in the same manner and with like effect as if such conveyance had been made." This section was doubtless intended to obviate the sound and established rule of equitable policy which disqualifies a trustee from becoming a purchaser of the trust estate without leave from chancery: and the reason of the rule is, to bar the more effectually every avenue to fraud. It was also designed to obviate the further difficulty presented by the fact that he could not deed to himself, and thus pass the title to the equity of redemption. But the owner of the mortgage did not sell.

Niles *v.* Ransford.

The mortgagee advertised the sale, and the sale purports to have been made on the authority of his advertisement. If the assigneee had advertised, sold and purchased, then he might, perhaps, have purchased without a deed. In this case, and upon the assumption that the mortgagee might sell, a deed was necessary. None is shown, and none was ever executed.

This, then, is the position of the defendant before this court, in reference to the equity of redemption. The advertisement of sale was not made pursuant to the power given, and if it was, the grantor of the defendant obtained no deed, no title, and, consequently, we must regard the equity of redemption as being in the plaintiff.

From the case made, it appears that after the execution of the mortgage, and before the advertisement of sale, the defendant received from the plaintiff a lease of the mortgaged premises: that he entered into possession of the mortgaged premises under and by virtue of the lease, which was executed by both parties; and the plaintiff claims that the defendant is estopped from questioning his right to recover the possession of the land. The defendant bases his right to the possession of the land, first, as we have seen, upon the foreclosure and a conveyance from the purchaser at the mortgage sale. Secondly, if his title under the foreclosure is not valid, he insists that the deed from the assignee of the mortgagee, though insufficient to convey the equity of redemption, carries the interest in the mortgage, and he occupies the position of a mortgagee in possession before foreclosure. The case of Jackson *v.* Bowen, 7 Cowen 20, is an authority in point.

Postal jun., by his deed to the defendant, conveyed all his right, title and interest in and to the mortgaged premises—he had no remaining interest—his lien on the land by virtue of the mortgage, passed to the defendant, and he thereby acquired the right of an assignee. The intention was to pass a greater interest. If that failed, it is no objection to the operation of the instrument as an assignment. *Valeat quantum valere potest.* The mortgagor being considered only tenant at will to the mortgagee, the latter may assign the mortgage without making an entry. 8 Mass. 559. And when the mortgage is assigned, either by endorsement or a separate instrument, the assignee is put in the place of the mortgagee, to every purpose. The assignee might have maintained ejectment on the mortgage deed and the assignment to him,

against the mortgagor or his lessee. Walker's R. 170. The defendant might have attorned to and taken a lease from George Postal, jun. 20 John. R. 51; 17 Eng. C. L. 368; 4 Kent's Com. 174; Powell on Mortgages 156.

But the law does not compel the tenant to resist the rights of the mortgagee—he may yield to them, and he has the right to show that the landlord's title has terminated. He could not dispute the right of his landlord to make the lease to him, but he is allowed, notwithstanding, to prove the nature of such title, and to show, though originally a valid one, it expired before the commencement of the action, and that the land then belonged to another: for such a defence is not inconsistent with the terms of the original possession. Jackson *v.* Davis, 5 Cowen 135; Adams on Eject. 276. He does not dispute the landlord's title—he confesses and avoids it by matter *ex post facto.* Hopcraft *v.* Keys, 9 Bing. 613; 2 Smith's Leading Cases 509, 510. He shows, that by consent of his landlord his title has passed to another, or rather, that as an incident to the mortgage, he, as assignee of the mortgagee, had the right to enter, and being in possession, though in the first place under a lease, he has the right to retain possession as purchaser of an interest it was competent for him to purchase, and the sale of which the landlord himself had authorized.

*Certified accordingly.*