No. 25.—SHEPHERD ROGERS *et al.*, Executors, plaintiffs in error, *vs.* MALINDA A. HOSKINS, defendant.

[1.] A notice by a widow, of her intention to apply for dower, is void, unless it be given in her name.

[2.] When there are two representatives of an estate, both of whom reside in the county, and are included in the notice, by the widow, of her intention to apply for dower, both should be served.

Application for Dower, in Houston Superior Court.   Decided by Judge POWERS, April Term, 1853.

Harrison D. Hoskins, of Houston county, having departed this life, his widow, Malinda A. Hoskins, made her application to the Superior Court of the county, for the assignment of dower.   The notice to the executors was objected to, because it did not state the name of the person in whose behalf the application was to be made ; and also, that it was served on but one of the two executors of the deceased.

The notice was in the following words:

GEORGIA, HOUSTON COUNTY.

*To Shepherd Rogers and James Alford, Executors upon the estate of Harrison D. Hoskins, deceased :*

You are hereby notified that I shall apply to the next Superior Court, to be held in and for said county, on the fourth Monday in April next, for the appointment of Commissioners to admeasure, lay off and assign Dower to me, in and to lots of land Nos. 237 and 248, in the lower fifth district of said county, agreeably to the Statutes, in such cases made and provided.

WARREN & HUMPHREYS,
Petitioner's Attorneys.

MARCH 24, 1853.

This notice was served on Shepherd Rogers alone.   The exceptions were overruled by the Court; and an order granted, appointing commissioners—to which order, the executors excepted.

After the signing the bill of exceptions, and filing the same in the Clerk's office of Houston county, the application for dower was dismissed by the petitioner.

ROGERS, for plaintiff in error.

WARREN & HUMPHRIES, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] A notice in the name of nobody, is no notice.

[2.] Both executors are joined in the notice. This was right. Both should have been served—they were not. This was wrong.

Judgment reversed.