## William L. P. Little and another v. John Derby.

Where plaintiffs, as agents, received a draft and forwarded it for collection, not disclosing the agency, and on its being paid.at maturity, paid over the amount to defendant who had become entitled thereto by purchase, and the draft proved to be a forgery, and plaintiffs were compelled to refund to the drawee; *Held*, that they were entitled to receive back from defendant the money so paid him.

And, it does not vary the case that plaintiffs, on receiving the draft, advanced to the holder a part of the amount, and gave him a certificate agreeing to account for the proceeds, and that defendant, before purchasing this certificate, called upon plaintiffs for information respecting the draft, and was informed by them that if he bought it, they would pay him the amount if the draft, if collected, as it probably would be; that they would not have advanced money upon it if they had not believed it was all right.

The true ground of recovery in this and all other cases of money paid by mistake, is that the money has been paid without any consideration.

*Heard October 21st. Decided October 28th.*

Case reserved from Saginaw Circuit. The facts are suf-ficiently stated in the opinion.

*Webber & Wheeler*, and *W. Gray*, for plaintiffs.

Money paid under mistake as to facts, may be recovered back. — 3 *B. & Ad.* 877; 5 *Taunt.* 488; 9 *Mass.* 407; 3 *Mass.* 74; 3 *Comst.* 230; 1 *Hill* 287; 4 *Comst.* 147. No man can have title to forged papers. — 15 *N. Y.* 205; 1 *Hill* 387; *Ibid.* 295.

*Moore & Gaylord*, for defendant.

Defendant, relying on the assurances of plaintiffs, buys their certificate, and pays Monroe for it, and subsequently receives from them the amount it calls for. This certifi-cate was, in substance, a statement of the account be-tween them and Monroe, and having received payment of the amount, defendants postion is analagous to that of the payee of a check, which has been paid under a mistake of the bank that it had funds when it had not. — *Dudley (S. C.) Rep.* 259.

Money paid under a mistake of facts can not be re-claimed when the defendant received it in good faith, in satisfaction of an equitable claim. — 2 *Greenl. Ev.* §§ 122, 123; 2 *Ad. & E.* 133. The cases in which money received on forged papers has been allowed to be recovered back, are all cases where the action was brought against some party who had negotiated the forged instrument. In this case defend-ant was not a party to the forged draft, never had it, and never had seen it. He had no means of detecting the forgery, and no remedy upon it after it was discovered to be a forgery.

CAMPBELL J. :

It appears from the case reserved, that one R. H. Monroe deposited with the plaintiffs an altered draft for $800, upon which they advanced him four hundred dollars, and for-

warded it to New York for collection. After it was forwarded, Monroe sold the certificate which plaintiffs gave him of the deposit of the draft, to Derby, the defendant, who paid for it four hundred dollars in cash and goods. Before making the purchase, Derby asked plaintiffs if the amount remaining unpaid upon the certificate would be paid by plaintiffs, and was informed that they had forwarded the draft to New York, and that if they heard from it, and that it was paid by the time named, as it probably would be, they would pay over the money to him, if he bought it; and also that they would not have advanced money upon the draft, had they not believed it all right; and that they had no doubt but it was all right. The draft was paid at maturity, and plaintiffs paid over the $400 to defendant. The forgery being discovered, the various parties were called upon to refund. Plaintiffs having refunded the money collected on the draft, now call upon defendant to return so much of it as they paid him.

No question can arise as to the general liability of a party who has received money upon forged papers, to refund it. None of the few exceptions which exist are claimed to apply to this case; and no doubt can arise against the liability plaintiffs were under to refund the amount they collected on the draft, as they were not dealt with by the New York parties as agents, but as principals, their agency not being disclosed. This doctrine has been applied in numerous cases; and it makes no difference whether they indorsed the draft or not. Any passing it for value rendered them liable to refund, because of a failure of consideration. The case of *Gurney v. Womersley*, 28 *E. L. & Eq.* 256, places these cases, and all other cases of money paid by mistake, upon the true ground; which is, that the money has been paid without any consideration. That was a case where the intervening bill-broker was successfully sued by the persons with whom he had negotiated the bill, while in fact doing so for another party, and having absolutely de-

clined endorsing or guarantying it, but being innocent of
any fraud. The case of *Gompertz v. Bartlett*, 24 *E. L. &
Eq.* 156, was one where the bill, which was sold without
any endorsement or warranty, the party declining to give
them, was a genuine bill, but purporting to be a foreign
bill, which required no stamp, whereas it was in fact drawn
in England, and was not enforceable without one. The ven-
dor was held liable because he had received the money with-
out giving value. In *Young v. Cole*, 3 *Bing. N. C.* 724, a
stockholder who had sold for another Guatemala bonds, in
good faith, but which turned out invalid, was allowed to
recover of his principal the purchase money he had volun-
tarily refunded, on the ground that he could not legally
have resisted an action had he not done so. The same rea-
sons are given. Cases might be multiplied, but the doctrine
is not new or doubtful, and these are referred to as good
illustrations, and as explaining the grounds of the decisions.
In *Timmis v. Gibbins*, 14 *E. L. & Eq.* 64, the plaintiffs
deposited with the defendants, who were bankers, a sum
of money in the notes of a distant bank which, unknown
to both, stopped payment on that day. The bankers re-
ceived it as money, and gave their accountable receipt for
it, payable with interest on fourteen days notice. It was
held the plaintiffs could not recover against the bank on
this undertaking. Coleridge J. says, " There is a general
rule that a party paying money in ignorance of a fact, may
recover it back as money had and received to his use. And
in like manner, if a party makes a promise under a mistake
of fact, the consideration for his promise fails." And see
*Appleton Bank v. McGilvray*, 4 *Gray* 518.

   In the case before us, the plaintiffs had not purchased
the draft, but had received it for collection, and made an
advance upon it. Their receipt was not an independent en-
gagement or liability to pay money, but was only evidence
of an undertaking to be accountable for what they should
collect upon a draft supposed to be genuine paper. They

LITTLE v. DERBY.

entered into no bargain with Derby, and were guilty of no fraud upon him. He did not purchase any debt against them. All that occurred operated merely as a transfer to him of a specific fund, or security, which plaintiffs were employed to collect. They paid to Mr. Derby the supposed proceeds of his own fund; not any debt due from themselves; and when it turned out that this fund failed, and they were obliged to reimburse those who had purchased it, Mr. Derby was, upon the principles referred to bound to repay them. It is all one as if the draft had not been paid at maturity, and they had paid Derby on mistaken information of payment. All he had a right to receive from them was the proceeds of his security; and no proceeds resulted from it. There was, therefore, no consideration for the money which they paid him; and they are entitled to recover the money back.

Let it be certified to the Circuit Court for the county of Saginaw, that the plaintiffs are entitled to judgment on the case made.

The other Justices concurred.