## John L. Baxter and another v. William A. Robinson, Judge, &c., for the use of Daniel W. Littlefield.

Under our probate system, an administrator can not sell the interest of the estate in an executory contract for the purchase of lands, except as real estate and after license. *Comp. L.* §§ 2516, 2517, 8065.

BAXTER *v.* ROBINSON.

Where payments fell due on such a contract, which the administrator had no funds in his hands 'to pay, but money for that purpose was promised by creditors of the estate which he neglected to obtain, and the contract became forfeited; it was held that these facts did not render the administrator liable to the heirs for the value of their interest in the land thus forfeited.

*Heard April 17th. Decided July 17th.*

Error to Kent Circuit. The case is stated in the opinion.

*J. T. Holmes,* for plaintiff in error.

*Ashley & Miller, H. B. Brown & A. Russell,* for defendant in error:

The case sufficiently shows that the property in question came into possession of the administrator. He charged himself with the land in the inventory, he offered to sell it, he paid the interest due upon it in 1858, he demanded and obtained the certificate of purchase, and he claimed the general management and control of the estate.

It is true there is no direct proof that he entered upon the land, yet upon the other hand there is no evidence that an actual occupation of the premises was possible.

Evidence that defendant neglected to pay the interest due upon the certificate in 1859, when money was offered him for that purpose by the creditors of the estate, was properly admitted to show a *devastavit.*

This term is not confined to direct acts of embezzlement or misappropriation of assets, but includes every act of abuse or negligence whereby property of the intestate is lost or diminished in value:— *Wms. on Exrs.* 1631 *to* 1660.

An administrator is bound to use such diligence in preserving the assets as a reasonable man should exercise in the management of his own affairs, his liability being akin to that of a bailee for hire:—1 *McMullan Ch.* 153; 1 *Madd.* 298; 1 *McCord Ch.* 456; 2 *Gratt.* 116.

1 MICH.—2 H.

CAMPBELL J. :

This was a suit brought upon an administrator's bond. The cause of action alleged and relied on is that Baxter, the administrator of James P. Littlefield deceased, allowed a certificate of University lands to become forfeited by non-payment of interest. The suit is brought on behalf of one of the heirs at law. The certificate was in the usual form under the statute, and interest was made payable annually on the purchase money remaining unpaid. The administrator had no assets in his hands out of which he could pay this interest, but, in the year 1858, money was furnished by the creditors and applied. In 1859, money was promised him from the same quarter, but he neglected to obtain it, and the land became forfeited and lost.

The only question which we have deemed it necessary to consider is, whether under these circumstances the heirs at law have any cause of action.

Under our probate system an executory contract for the purchase of land is regarded in the light of real estate, so far as to give the administrator no right to dispose of such a contract, which he would not have to dispose of the land itself, had it been conveyed to his intestate during life. This class of certificates is specially mentioned, and put on that footing. *Comp. L.* §§ 2516, 2517, 3065.

The administrator, therefore, has no right to dispose of such a contract except to provide means to pay debts and charges against the estate. He has no primary interest in or control over the property, and it belongs to the heirs and not to him. He has therefore no general duty to preserve it for their benefit, and is not obliged on their behalf either to sell it, or to borrow money to preserve it. His powers over the land are for purposes adverse to the inheritance. It is entirely unnecessary to determine in advance whether, as against the heirs, he would be liable to apply rents and profits to preserve the inheritance, or

what might be demanded of him in a case where there was a clear surplus of personal assets beyond any debts. The case before us presents the question in a very simple form, and we are satisfied that no cause of action exists in favor of the heirs, whatever may be .the case as regards others.

Upon the facts as found by the Court below judgment must be reversed, and a judgment must be entered in this Court upon the finding, in favor of the plaintiffs in error, with costs of both Courts.

MARTIN CH. J. and CHRISTIANCY J. concurred.

MANNING J.:

I agree with my brethren in a judgment for the plaintiffs in error. It does not appear from the Judge's finding that Baxter, the administrator, ever took possession of the land. In *Streeter v. Paton*, 7 *Mich.* 341, it is held that the heir is entitled to possession, unless possession is taken or claimed by the administrator under the statute giving him the right of possession and of the rents and profits until the estate is settled. If the Judge had found that Baxter, as administrator, took possession of the land, claiming the rents and profits, I should think the action well brought, unless some good excuse was shown by him for not paying the interest due to the State, for which the land was sold.

*Judgment reversed.*