## Ira C. Lillibridge v. Patrick Tregent.

*Assignment: Personal decree: Failure of consideration: Refunding purchase price.* One who had sold and assigned, as a decree, the personal residue of the decree in a foreclosure suit, after sale of the mortgaged premises for less than the amount adjudged to be due, together with a note secured by the mortgage, but not yet due and not included in the decree, is held not liable to refund the purchase price received by him, on the ground of a total failure of consideration by reason of such personal decree being invalid for failure of personal service; while such assignment would not transfer any valid decree, because there was none to transfer, it would transfer the mortgage debt with authority to enforce it by all appropriate remedies, and also the note; and the failure of consideration, if any, was only partial, and not total.—CHRISTIANCY J., dissenting.

*Heard April 29. Decided July 24.*

Error to Superior Court of Detroit.

*Otto Kirchner*, for plaintiff in error.

*William Jennison*, for defendant in error.

COOLEY, J.

On the 18th of February, 1861, in a foreclosure suit by Tregent against William A. Pratt and others, in the circuit court for the county of Wayne, in chancery, a decree was rendered in favor of complainant for eight thousand nine hundred and sixty-eight dollars and fifty-four cents. In the decree was incorporated a clause for execution against Pratt, for any deficiency that might exist after the mortgaged premises were sold; but this was ineffectual, because Pratt was not served with process, and had not appeared in the cause. One note, secured by the mortgage, and for the payment of one thousand dollars, was not included in the decree, as it would not fall due until July 31, 1861.

A sale was had under the decree, April 16, 1861, which realized only one thousand and fifty dollars. Tregent afterwards sold and assigned the decree and the note, to George Jerome, giving him a written assignment, by which Tregent authorized him to " collect and enforce payment thereof, in my name or otherwise, but at his own costs and charges, and without recourse to me in any event." Jerome afterwards sold and assigned to the plaintiff.

Plaintiff now sues Tregent to recover back the price paid by Jerome for the assignment, on the ground that there was a total failure of consideration. How this can be so, I have been unable to see. It is certainly true that no valid decree was assigned, because there was none to assign; but the mortgage debt was undoubtedly transferred, and Jerome would have been entitled to enforce it by all appropriate remedies. This could hardly be disputed in this state after the two decisions of *Niles v. Ransford, 1 Mich., 338,* and *Gilbert v. Cooley, Wal. Ch., 494.* Besides, the note not due when the decree was rendered, was expressly transferred, so that Jerome got the whole demand against Pratt which he bargained for, though without having any of it in the form of a valid decree, as, perhaps, the assign-

ment assumed a part of it to be. How important this circumstance may have seemed to the parties, we cannot tell, nor is it material in this suit. It is a sufficient answer to the plaintiff's demand here, that something of value which Jerome bargained for was transferred to him, and that the failure of consideration, if there was any, was partial, instead of total.

It does not become necessary to consider the effect of the assignment being made without recourse, since, with or without that clause, the present action is not, in our view, maintainable. The judgment, we think, should be affirmed, with costs.

CAMPBELL, J., concurred.

CHRISTIANCY, J.

This was an action of assumpsit, brought by plaintiff in error against defendant in error in the Wayne circuit.

The action grew out of the assignment and sale, or what purported to be the assignment and sale, by the defendant below, through his brother, Augustus Tregent, as his agent, to George Jerome, of a decree, or rather the balance remaining due upon a decree in chancery, and an assignment (which plaintiff offered to prove) of that decree for such balance to the plaintiff; the latter, claiming that what was represented to be, and purported to be sold as a personal decree in favor of defendant against one William A. Pratt, was not in fact such decree, but was absolutely void and of no effect; that the thing sold, or attempted to be sold, had no existence in fact, and that defendant was liable for the consideration received by him, as for money had and received to the use of Jerome; and that plaintiff, as the assignee of this chose in action, standing in the place of Jerome, was entitled under the statute to recover it in his own name.

A question was raised on the argument, as to the sufficiency of the power of attorney to Augustus Tregent to authorize him, as agent of the defendant, to sell the decree

and to execute the assignment to Jerome; but, as the plaintiff offered to prove that the purchase money arising from the sale was paid by the agent to the defendant, and accepted by him, and this would be a ratification of the act of the agent, without any previous authority, the question of the sufficiency of the power of attorney becomes unimportant.

The plaintiff offered in evidence the assignment to Jerome, executed in behalf of the defendant by his brother, and also an assignment from Jerome to the plaintiff, the due execution of both of which was admitted.    But their introduction as evidence was objected to by the defendant on the following grounds (besides others, which went to sufficiency of the power and the mode of its proof): *first*, that the assignment to Jerome was not admissible under the declaration for money had and received; *second*, that it expressly negatives any liability on the part of the assignor by the use of the words "without recourse to me in any event;" *third*, that the assignment from Jerome to plaintiff was an affirmance of the contract of purchase of the decree, and is a waiver of the cause of action set up in the declaration.

The plaintiff, by his counsel, then offered to prove these papers for the purpose of showing that Augustus Tregent, as agent of defendant, made an assignment of what purported to be a decree made in the circuit court for the county of Wayne, in chancery; that he executed the paper for and on behalf of defendant to Jerome, who assigned all his right to the plaintiff.  He further offered to follow this up with evidence tending to show that a suit was begun in the Wayne circuit, in chancery, wherein this defendant (Patrick Tregent) was complainant and William A. Pratt and others were defendants, to foreclose a mortgage executed by said Pratt to one Broadhead, and by him assigned to said Tregent, who was complainant in that suit; that an order for publication was entered, and the bill was taken as confessed against said Pratt, but that no personal service was ever had upon him, and that he did not appear in the

case; that the mortgaged premises were sold and a personal decree, or what in form purported to be such, was entered against said Pratt for a deficiency of nine hundred and sixty-eight dollars and fifty-four cents, and for a promissory note, still to mature, for one thousand and fifty dollars; that while a decree was thus personally entered against said Pratt in favor of Tregent, inasmuch as no personal service was had upon said Pratt, against whom the personal decree purported to be made, such decree was a mere nullity, and could not be enforced against said Pratt's estate; that for this assignment Jerome paid Augustus Tregent, for the defendant, two thousand five hundred dollars on the 17th of May, 1864; that said Augustus afterwards paid this money to Patrick Tregent, the defendant in this suit, who received the same, and that it has never been returned by the defendant or his attorney, or any part of it; and that Patrick Tregent, the defendant, refused to convey the chose in action (or debt upon which said decree was founded), unless on payment to him of a further consideration; that at the time said assignment was made, the files in the case in which the decree was made were missing and could not be found, and no investigation into the regularity of the proceedings could be made; that as soon as the defect in the decree was discovered, the present plaintiff (assignee of Jerome) executed and delivered to defendant a full conveyance and re-assignment of all the rights under the decree which had been conveyed under the assignment to Jerome, so that said defendant was put in full possession of all rights he could have had under the decree, before the commencement of this suit; that said defendant received the re-assignment and has never returned it or offered to do so, though he notified plaintiff's attorney that he held the paper only subject to the order of plaintiff or his attorney.

Plaintiff further offered to show that at the time of the assignment by defendant (through his agent) to Jerome, the defendant was resident of and domiciled abroad in England; that he had no residence or place of business in Michigan,

but resided and did business in or near Liverpool, in England, and continued so to do up to about two years prior to the commencement of this suit.

But the court, notwithstanding this offer, refused to admit the said assignment of defendant (through his agent) to Jerome, or that of Jerome to plaintiff, in evidence; and upon this refusal the only errors in the case are assigned.

It does not appear from the record what were the precise grounds upon which the two assignments, together with the evidence with which the plaintiff offered to follow them up, were rejected; but it must have been because the court, for some reason, was of opinion that, if introduced, the assignments and the offered evidence would not tend to sustain the plaintiff's action; and these reasons must have been either (or both), because such evidence would not tend to establish a state of facts which would entitle the plaintiffs to an action for money paid, or money had and received, or because the closing words of the plaintiff's assignment to Jerome, " without recourse to me in any event," exonerated the defendant from all liability, if the plaintiff's action could otherwise be maintained. We shall therefore consider the case in these two respects.

Both these questions depend largely upon the language and terms of the defendant's assignment itself, which is in these words:

" Whereas, in a certain cause in the circuit court for the county of Wayne, in chancery, in which I, Patrick Tregent, Jr., was complainant, and William A. Pratt, Samuel Clark, Larkin G. Mead, Lafayette Mead, Laura C. Swift, James Y. Yandes, and Simon Mandlebaum were defendants, a decree was entered on or about the 18th day of February, 1861, providing for a sale of the mortgaged premises described in the bill of complaint, and for a personal decree against the said William A. Pratt, in case of the proceeds of said sale being insufficient to pay the amount due to the complainant, with interest and costs of sale;

" And whereas the amount found to be due by said de-

cree was the sum of eight thousand nine hundred and sixty-eight dollars and fifty-four cents ($8,968 54), and there was still another note to fall due on the 31st day of July, 1861, with interest thereon from the 28th day of January, 1861;

"And whereas said premises were sold on the 16th day of April, 1861, for the sum of ten hundred and fifty dollars, thereby leaving at the time a deficiency of eight thousand one hundred and twenty-six dollars and thirteen cents ($8,126 13) after the payment of the commissioner's fees on said sale, and also leaving to fall due one note of one thousand dollars and interest as before specified;

"Now, in consideration of one thousand dollars to me in hand paid by George Jerome of Detroit, I do hereby sell, assign and transfer to him the decree above mentioned and all sums due upon it, and said note last specified, for his use and benefit, hereby authorizing him to collect and enforce payment thereof in my name or otherwise, but at his own costs and charges, and without recourse to me in any event. Dated Detroit, this 17th day of May, A. D. 1864.

"(Signed)	PATRICK TREGENT,
By Aug. Tregent, his attorney."

Now, looking at this instrument in the light of plain common sense, giving the natural and ordinary meaning to the words used, and presuming, as we must till there is something to show the contrary, that the vendor was acting honestly and meant what he said, the natural and inevitable conclusion must be, that the defendant had, or supposed he had, a valid personal decree (in the nature of a judgment), against Pratt for the balance of the mortgage debt, over and above the amount which had been paid by the sale of the mortgaged property, a decree at least which was not totally and absolutely void; and that the defendant was selling, or supposed he was selling, and Jerome supposed he was purchasing such decree. This supposed decree constituted the main subject of the contract of sale, and this contract of sale necessarily presupposes the existence of the decree sold, as something

having an actual and not a mere nominal existence, and therefore of some legal force and validity against Pratt, as a decree. Certainly the recitals in the assignment amount to a clear representation that there was such a decree, and that the plaintiff owned it. And the whole instrument taken together shows that this was what he was selling, or undertaking to sell, and must naturally have been so understood. And as the note for a part of the mortgage debt had not at the date of the decree become due, construing this assignment with reference to the statute applicable to such a case,—*Comp. L. of 1871*, §§ *5148, 5150, 5159, 5160*— I think the fair inference is that this note was understood to be so far embraced in the decree that it might be added to and made a part of it on default of payment when due. It was not sold as a note separate from the decree, but as a part, or capable of being made a part of the decree. But this particular point is not very material.

Now, the facts which the plaintiff proposed to prove would have shown that there was, in fact and in law, no personal decree against Pratt in the chancery suit alluded to, though the form of such a decree had been entered. It was mere form and shadow without substance, and as complete a nullity as if made by a supervisor of a township, or any private individual in the state; that it was not, as in the case of a mere irregularity, in the nature of a decree, even binding until reversed, but absolutely void in its inception and for all purposes, for entire want of jurisdiction to render such a decree against Pratt, upon whom no personal service had been made.—*Outhwite v. Porter, 13 Mich., 540.*

The proposed evidence, therefore, would have shown that the main subject of the proposed sale, the personal decree against Pratt, had not at the time, and never had an existence. And supposing both parties to have been mistaken in acting upon the supposition that it did exist (which is the theory most liberal to the defendant, and which, in the absence of evidence to the contrary, must be adopted), there

was in fact no sale and no contract of sale, so far as related to this decree, as both parties were acting under a material mistake, and there was no actual mutual assent.—*Story on Sales,* § *149, and cases cited.* And the money paid by Jerome for the decree was paid without consideration, and might have been recovered back by him as so much money paid, or had and received, to his use. And if the decree itself were the only subject of the sale, the only thing assumed to be sold, this action might have been maintained without re-assigning or offering to re-assign the supposed decree.—*Colville v. Besly, 2 Denio, 139.* But as this note might have been of some value without any personal decree,—though it is clear enough that it constituted but a comparatively small part of the inducement to the purchase, and was looked upon as merely incident to the sale of the decree, which constituted the main subject of the sale and the main object of the purchase, and the sale was understood to be one and entire and for one entire aggregate price,—though Jerome could not rescind the contract and maintain the action without reconveying or offering to reconvey, yet, by doing this, he had a clear right to rescind, and bring his action for the purchase money, the consideration for which had thus failed by reason of the mutual mistake of the parties as to the subject of the sale as a whole.—*Story on Sales,* §§ *145, 146, 148 to 152 inclusive, and cases cited*; *Scurfield v. Gowland, 6 E., 239; Huggins v. Coates, 5 Ad. & Ellis, N. S., 438; Tunnis v. Gibbins, 14 Eng. L. & Eq., 64.*

And so far as the question bears upon the right of the purchaser to bring an action for the consideration he may have paid, as for the failure of that consideration, I think it must be held to be a sound principle of law, as it certainly is of morals, that when a party assumes to convey personal property as his own, whether it be tangible and movable, or a judgment, decree, or ordinary chose in action, and receives money for it as such, he must be held to warrant, or at least to assume the risk and responsibility of the

existence of the thing he assumes to sell, and for which he receives the money; unless the purchaser expressly agree to assume that risk and pay his money for the chance or probability, or unless the circumstances of the case, when considered with reference to the supposed property, satisfactorily show that such was the understanding of the parties, and the basis upon which the consideration was paid. And this being an equitable action, there is no ground for any substantial distinction in reference to this point, in the principle which should be applied at law or in equity.—See authorities above cited; also *Story's Eq. Jur.*, §§ *141 to 146; Pothier Vente, N. 4; Hitchcock v. Giddings, 4 Price, Exch., 135; Battle v. Bank, 5 Barb., 421; Flynn v. Allen, 57 Penn. State, 482; Merriam v. Wolcott, 3 Allen, 258; Lile v. Hopkins, 12 Sme. & M., 299;* and *Little v. Derby, 7 Mich., 328.*

So far as the question of diligence on the part of the purchaser might be supposed to bear upon the case (though I think it has slight, if any, bearing), the testimony offered, that the files in the chancery case were missing at the time, would have shown sufficient to excuse further diligence.

It remains only to inquire whether the clause "and without recourse to me in any event," at the close of assignment, shows that it was the intention and understanding of the parties that the purchaser was to take upon himself the risk of there being any such decree as that recited in the instrument. And I cannot resist the conclusion that it falls far short of showing any such intent or understanding. No doubt or question of the existence of a valid personal decree against Pratt is intimated by the recitals, which very clearly indicate that no such doubt or question existed. But Pratt might not be pecuniarily responsible, and the decree might not, for this reason, be collectible, and the assignor did not undertake to guaranty its value in this respect, or its collection. And the clause giving to the assignee authority to collect and enforce payment in the name of the assignor or otherwise, might have

LILLIBRIDGE v. TREGENT.

been thought to render the latter liable for costs incurred in the proceedings to collect, unless a contrary intent were expressed in the instrument, some limitation placed upon the words used in giving that authority. Hence are added the words, "but at his own costs and charges, and without recourse to me in any event." It is simply saying, "I authorize you to collect the decree I have assigned to you, in my name or otherwise; but you must collect it, if you are able to collect it at all, at your own costs and at your own risk, and without recourse to me, whatever may be the event or result of your attempt to collect." But this very provision itself, when taken all together, like all the rest of the instrument, assumes that there is such a decree as that recited in the instrument, that it exists in fact and in legal effect, as a personal decree against Pratt. And though the assignor might not have been liable as guarantor of the value of the decree, or of its collectibility, without these words, yet it was very natural to add the clause for greater caution, as is the very common custom in drawing such instruments.

But, at all events, the clause in question intimates no doubt of the legal existence of the decree; there is nothing to indicate that it could have been so understood; and it seems to me it would be doing violence to the language of the instrument to give it such effect.

I think, therefore, the two assignments, in connection with the evidence offered, would have tended to support the plaintiff's action, and that they were erroneously excluded.

I do not see that any other question is presented by the record, though several others were discussed upon the argument. The judgment should be reversed, with costs, and a new trial awarded.

GRAVES, CH. J., did not sit in this case.