WILLIAM MC GOREN v. NOYES L. AVERY AND WILDER D.
STEVENS.

*Recovery of Money Paid without Consideration.*

Purchasers at public judicial sales, or under a quit-claim deed, usually buy at their own risk of the regularity of title.

Where an execution sale was invalid, it was held that an assignment of the certificate of sale carried no interest in the judgment.

Money paid under a mutual mistake for that which has no legal existence or validity, may be recovered back as paid without consideration, where the vendor is responsible for the mistake or represents the person so responsible. So *held* of the *bona fide* transfer by executors, of the certificate of an execution sale that had been issued to their testator and turned out to be void.

Case made after judgment from the Superior Court of Grand Rapids.   Submitted June 12.   Decided June 19.

ASSUMPSIT to recover money paid by mistake and without consideration.   The facts are in the opinion.

*Reynolds & Harris* and *E. A. Maher* (on brief) for plaintiff.   Assumpsit for money had and received lies wherever the defendant has received money which in equity and good conscience he ought to pay over to the plaintiff (2 Greenl. Ev., § 117; *Moore v. Mandlebaum,* 8 Mich. 448) and is supported by proof that it was obtained through a mistake as to material facts (2 Greenl. Ev., § 123; 2 Sugden on Vendors [8th Am. Ed.] 505, n. *o.*) or for a consideration which seems to be valuable but turns out to be worthless.   2 Greenl. Ev., § 121; 1 Pars. Cont., 462.   Where claim of title is based on the pretended or supposed existence of certain facts, and the vendee purchases under the belief, induced by the vendor's statements or conduct, that such facts exist, he may recover back the consideration given, upon learning that they did not exist at the time of the purchase, and that he had therefore got no title.   2 Sug-

den on Vendors, [8th Am. Ed.], 374; *Bingham v. Bingham,* 1 Ves., 126; *Hitchcock v. Giddings,* 4 Price, 135; *Sanford v. Dodd,* 2 Day, (Conn.), 437; *Norton v. Marden,* 15 Me., 45; *Martin v. McCormick,* 4 Seld., 331; *Gardner v. Mayor,* 26 Barb., 423; *Allen v. Hammond,* 11 Pet., 63; *Taylor v. Fleet,* 4 Barb., 95; 1 Story's Eq. Jur., § 141 *et. seq.*; Adams' Equity, 188. Executors are personally liable on implied agreements based on a consideration moving to them as executors. *Austin v. Munro,* 47 N. Y., 360, and cases cited; 1 Chitty's Pl., 205; *Powell v. Graham,* 7 Taunt., 584; *Jennings v. Newman,* 4 T. R., 347; *Brigden v. Parkes,* 2 B. & P., 424; *Trewinian v. Howell,* Cro. Eliz., 91; *Hawkes v. Saunders,* 1 Cowp., 289.

*Blair, Stone & Kingsley* (on brief) for defendants.

CAMPBELL, J.    Suit was brought to recover back the consideration paid by plaintiff to defendants for a certificate of execution sale issued July 19, 1873, by the sheriff of Kent county, to Wilder D. Foster, now deceased, and assigned by defendants, who were his executors, to plaintiff, January 27, 1874, when the redemption had still about nine months to run.

This certificate purported on its face to have been issued on a sale made under execution upon a judgment of the circuit court for the county of Kent, rendered in favor of Foster, against one Truman H. Burch, whose lands were the subject of the levy and sale.

It turns out that no such judgment was ever in existence. The only evidence of it was a transcript of a justice's judgment between the same parties, which was filed in the clerk's office of Kent county without any affidavit required by the statutes to give it force as a circuit court judgment. The parties all acted in good faith and supposed the statements in the certificate to be true.

The defense is that although the certificate was void as based on no judgment, yet the purchaser was bound to look to the judgment himself, and bought at his own risk.

There is certainly much ground for holding that in most

cases where individuals purchase at public judicial sales, they do so at their own risk of the regularity of the title. And so where persons buy under a quit-claim deed the same result usually follows. But there are cases in which it has been recognized by the courts that money paid under a mutual mistake for that which has no legal existence or validity may be recovered back as paid without consideration, and it seems to us that the present case comes within the rule thus laid down in *Martin v. McCormick*, 4 Selden, 331, and supported by other authorities there cited, as well as in 2 Sugden on Vendors, 374.

The certificate in this case was issued to the judgment creditor named in it, and was sold by his personal representatives. It was open to redemption if valid, and if invalid the original justice's judgment still remained undischarged, and belonging to the estate. There was nothing in this assignment which purported to convey any interest in that judgment.

Under these circumstances, while entirely innocent in design, these defendants, not as stranger execution purchasers, but as representing an interest which could obtain protection under the judgment if the proceedings were void, must be regarded as responsible for its existence, so far as to render the mutual mistake a proper ground of recovery. It was a sale of a non-existent right by parties who were to a certain extent responsible as representing the person who caused the mistake by originating the void process. The case does not rest on fraud or misrepresentation, but on a mistake as to the existence of the substantial right bargained for.

If the sale on execution cancelled the original judgment, or if the certificate carried with it the judgment plaintiff's right to the debt, as in *Lillibridge v. Tregent*, 30 Mich., 105, the equities would be different and might lead to a different conclusion. If the consideration does not wholly fail, there is no such right to recover as in case of total failure, and if relief can be had, it is not usually obtainable for money had and received. In this case the parties

who purported to sell sold nothing, and retained the only valuable right which had ever existed.

The judgment must be reversed, and judgment entered for plaintiff for $160, with interest from January 27, 1874, and costs of both courts.

The other Justices concurred.