### HATHAWAY v. MARQUETTE CIRCUIT JUDGE.

NOTICE OF TRIAL—SUFFICIENCY.
>   Under 2 How. Stat. § 7551, requiring "written notice of trial" to be served, a notice in proper form, signed "Attorneys for Plaintiff," without giving the names, is insufficient, although personally served by one of the attorneys for plaintiff upon one of the attorneys for defendant.

*Mandamus* by Frank W. Hathaway and others to compel John W. Stone, circuit judge of Marquette county, to strike a cause from the calendar. Submitted June 7, 1898. Writ granted June 14, 1898.

*Button & Culver*, for relators.

*Charles R. Brown & Son*, for respondent.

MOORE, J.   The relators ask for a writ of *mandamus*
to compel the circuit judge to strike from the circuit court
calendar for the May term a case, for the reason that it
was improperly noticed.   The notice was in proper form,
but was not signed with the names of the attorneys for
the plaintiff.   The omission to attach the signatures of
the attorneys before the words "Attorneys for Plaintiff"
was undoubtedly an oversight.   The record shows that
the service was made personally by one of the attorneys
for the plaintiff upon one of the attorneys for defendants.
The circuit judge returns that, upon the hearing of the
motion, the attorneys for the defendants did not claim
they had been misled by the notice, but simply claimed
it was not a legal notice; and that as they had not been
misled, but fully understood, from the notice and the
manner and circumstances of its service, that the at-
torneys for the plaintiff would bring the cause on for trial,
he denied the motion.

The only question involved is, Must a notice of trial, to
be a legal notice, be signed with the name of the attorney
or party giving the notice?   2 How. Stat. § 7551, provides
that "written notice of trial   *   *   *   shall in all cases be
served at least 14 days before the first day of the term," etc.
We think this statute requires such a notice as will, upon
its face, show it to be a notice made by a person authorized
to give the notice.   It should be a notice that will inform
the person upon whom it is served of that fact,—whether
it is served personally, or by mail, or by leaving it at his
office, where service in that manner is authorized.   It is
doubtless the purpose of the statute, requiring the notice
to be in writing, to avoid disputes as to what it contained
and as to its sufficiency.   In *Niles* v. *Ransford*, 1 Mich.
338 (51 Am. Dec. 95), in writing of a notice of sale
authorized by the statute, it is said:

"No conception can be formed of a legal notice which does not disclose on its face that it emanates from some person or court claiming to have the power to act in the manner indicated by the notice. It is this that gives to it its force,—that makes it a notice."

In *Rogers* v. *Hoskins*, 14 Ga. 166, it is said: "A notice in the name of nobody is no notice."

We think to follow the ruling of the trial judge would result in what the statute sought to prevent by requiring the notice to be in writing.

The writ will issue as prayed.

The other Justices concurred.