COELING v. BARNARD.

1. APPEAL AND ERROR—BOND — MOTION TO FILE AFTER WRIT OF ERROR.

After return is made to a writ of error the Supreme Court has exclusive jurisdiction to entertain a motion to file an appeal bond *nunc pro tunc* to stay proceedings on execution.

2. SAME—APPEAL BOND—AMENDMENT.

Appellate courts have power as an incident to their appellate character, on application, to amend an original appeal bond or require a new one.

3. SAME—SHOWING.

The affidavit of plaintiff's attorney, uncontradicted, that the appellant omitted to file the statutory appeal bond because he intended to pay the judgment for costs awarded against him, but had later discovered the defendant was irresponsible and that he could not recover them if he prevailed on error, is sufficient to warrant the court in granting the application.

Replevin by Tite Coeling against Edward N. Barnard and another: On motion of plaintiff for leave to file a bond to stay proceedings pending an appeal to the Su-

preme Court.   Submitted January 11, 1910.   (Calendar No. 23,741.)   Motion granted February 3, 1910.

*Smedley, Hall & Freeland*, for the motion.

*Maher & Barnard, contra.*

BROOKE, J.  Appellant was plaintiff in a replevin case at circuit, where a verdict was directed against him on November 2, 1909, with costs to be taxed.   Said costs were afterwards taxed at the sum of $25.

Appellant caused a bill of exceptions to be settled and filed within the 20 days allowed by the statute.   On November 26, 1909, he caused a writ of error to issue out of this court which has been returned, and the case is now pending here.   He did not file the statutory bond to stay proceedings pending appeal, and defendant has caused execution to issue against him for the taxed costs.   Appellant, by one of his attorneys, now applies to this court for leave to file the statutory bond *nunc pro tunc* to stay proceedings, averring in his petition that, when the appeal was perfected, it was his intention to pay the taxed costs, but that the petitioner had learned, about December 1st, that the defendant was financially irresponsible, so that if a reversal should follow in this court, he would be unable to recover back the money so paid.   After return is made to the writ of error, this court is the only one possessing jurisdiction to entertain such an application. *Worden* v. *Manistee Circuit Judge*, 33 Mich. 111.

Appellate courts have power as incident to their appellate character, on application, to amend the original bond or require a new one.   *Pulte* v. *Wayne Circuit Judge*, 47 Mich. 646; *Bock* v. *Grocery Co.*, 100 Minn. 71 (110 N. W. 257, 9 L. R. A. [N. S.] 1054); *American Brewing Co.* v. *Talbot*, 135 Mo. 170 (36 S. W. 657).   That power is broad enough to cover a case like the present, where it is sought to file an original instead of an amended or new bond.

Defendant objects to the allowance of the order upon

the ground, among others, that the petition is made by the attorney for appellant, instead of by appellant himself. We notice that defendant has filed no affidavit denying the averments of the petition; they may therefore be presumed to be true.

The order will be made as prayed, but with costs of motion to appellees.

MONTGOMERY, C. J., and OSTRANDER, BLAIR, and STONE, JJ., concurred.