COMMERCIAL NATIONAL BANK *v.* GAUKLER.

APPEAL AND ERROR—STAY OF PROCEEDINGS—BOND.

> On a motion for permission to file an appeal bond in a foreclosure suit in which, after a decree of foreclosure, the defendant appealed without giving the statutory bond, and complainant proceeded to sell the premises and bid them in, and, on a showing that the premises were worth nearly three times the amount of the mortgage lien, and that the defendant had tried to bring her appeal on for hearing at the present term of court, but the cause could not be heard because of the failure of the attorneys for the mortgagee to file their brief, an order was entered permitting the filing of the bond *nunc pro tunc* and staying the proceedings under the authority of Act No. 299, Pub. Acts 1909, and *Coeling* v. *Barnard,* 159 Mich. 634 (124 N. W. 533).

Foreclosure proceedings by the Commercial National Bank against Josephine Gaukler. From a decree for complainant, defendant appeals. On motion of appellant for leave to file an appeal bond as of the date of appeal and for a stay of proceedings. Submitted November 18, 1910. (Calendar No. 24,010.) Granted December 30, 1910.

*George W. Radford,* for the motion.

*Angell, Boynton, McMillan & Bodman, contra.*

BROOKE, J. This case is pending in this court on appeal from a decree of foreclosure. That decree was entered in the Wayne circuit court December 11, 1909. Defendant perfected her appeal and gave notice thereof March 31, 1910, but gave no bond to supersede the decree. After the time allowed for payment by the terms of the decree had expired, the mortgaged premises were sold on July 15, 1910, and bid in by complainant. On August 3, 1910, defendant filed exceptions to the report of sale in the circuit court, which exceptions are still undisposed of.

Appellant now moves this court for leave to file a bond *nunc pro tunc* as of January 3, 1910. Many reasons are urged by appellant why this relief should be granted. She shows by affidavit that the mortgaged premises are worth about three times the amount of the incumbrance, and that for this reason she did not believe complainant would proceed to sale pending the appeal. She also shows that she desires to redeem from the mortgage, by the payment of such sum as this court may hold to be legal, just, and equitable. She further avers that her appeal was noticed for hearing at the October term, 1910, of this court, and that it could not be heard at that term by reason of the failure of complainant's solicitors to file their brief in due season.

The statute (section 4, Act No. 299, Public Acts 1909) provides:

"No appeal shall operate to stay proceedings in said cause unless the party taking such appeal shall, within the time allowed for perfecting such appeal, file with the register of said court, a bond to the appellee or appellees, with sufficient surety or sureties to be approved by the circuit judge or a circuit court commissioner of said county, or a justice of the Supreme Court, and with such penalty as such judge or commissioner shall approve, conditioned for the performance or satisfaction of the decree or final order of the Supreme Court in the cause, and payment of all costs of the appellee, or appellees in the matter of the appeal. * * * *Provided, further*, that the Supreme Court or any justice thereof may, on special motion and proper showing, after such appeal has been perfected, order an additional bond and fix the penalty thereof and approve the sureties thereto."

This proviso, under the authority of *Coeling* v. *Barnard*, 159 Mich. 634 (124 N. W. 533), is broad enough to warrant the granting of the relief asked, if, in the opinion of the court, a proper showing were made. While there may be doubt as to the sufficiency of the showing, we are of opinion that the relief should be granted, if it can be done without injury to the rights of the appellee.

On behalf of appellee it is shown that the value of the

property covered by the mortgage is barely equal to the amount of the lien, and that to defer appellee's right of possession by permitting the appellant to file a nominal bond would, in all probability, result in loss to the appellee. Appellant will be permitted to file a bond in this court in the penal sum of $5,000, with two sureties to be approved by the clerk of this court, conditioned for the performance or satisfaction of the decree or final order of this court in the cause, and the payment of all costs of the appellee. Upon the filing and approval of said bond, an order will be entered in this court staying all proceedings in the cause until final determination thereof.

BIRD, C. J., and OSTRANDER, BLAIR, and STONE, JJ., concurred.