PINEL *v.* PINEL.

1. APPEAL AND ERROR—BOND—STAY—JUDICIAL SALE.
   Unless an appealing defendant furnishes a bond as required by Act No. 299, Pub. Acts 1909, as amended by Act No. 160, Pub. Acts 1911, the decree in favor of complainant is not stayed, and may be enforced at complainant's peril pending the decision on appeal: this court cannot enjoin further proceedings on account of defendant's alleged poverty.

2. SAME—EQUITY—BRIEFS.

> It is the duty of complainant, after a hearing and decree on pleadings and proofs, to furnish the first brief in the Supreme Court; Supreme Court Rule 41.

3. SAME.

> Defendant's remedy is by application to file an appeal bond, *nunc pro tunc.*

Bill by Thomas F. Pinel and another against Charles W. Pinel, Rachel Pinel, and Rachel Campsel, to require defendant Rachel Pinel to pay taxes and interest on a mortgage covering premises in which defendant claimed a life estate. From a decree for complainants, defendant Rachel Pinel appeals. On petition of appellant to restrain proceedings to enforce the decree and on motion of appellees to dismiss. Submitted October 15, 1912. (Calendar No. 25,152.) Petition and motion denied November 8, 1912.

*Lynn M. Johnson,* for complainants.

*Devine & Snyder,* for defendants.

STONE, J. In this case, pending an appeal by the defendant Rachel Pinel to this court from a decree entered in the court below on January 15, 1912, the said defendant has filed her petition here praying for an injunction to restrain the complainants from prosecuting a suit commenced by them before a circuit court commissioner for the recovery of possession of certain premises consisting of a farm, in which the said defendant had a life tenancy under the will of her deceased husband. By the terms of said will the complainants were left the remainder of a part of the premises at the termination of said defendant's life estate. At the time of the death of the testator, there was a mortgage upon the farm, upon which there remains unpaid the sum of $2,500 of principal. In 1901, the said defendant as life tenant having failed to pay the interest on the mortgage and the taxes on the farm, the complainants filed a bill praying that the duty of the said defend-

ant be determined, and that she be ordered to keep down the interest and taxes aforesaid, or, in default thereof, that her interest and estate be sold, the proceeds of such sale to be used in the payment of said interest. On January 8, 1902, a decree was entered defining the duty of said defendant as life tenant, and requiring her to pay the said interest and taxes during the continuance of said life estate as the same became due. The decree also provided that, in case the said defendant should fail to comply with the terms thereof, the complainants were authorized to apply to the court in said cause for such other and further order and decree as might be necessary to fully protect and preserve their remainder interest in said premises.

On August 14, 1911, complainants filed their petition in said cause, representing, among other things, that on August 16, 1910, they had become the purchasers of said mortgage, and that two years' interest on said mortgage had not been paid by said defendant, and that the same was then past due. The petition prayed that the said defendant be ordered and decreed to forthwith pay said interest so due and unpaid, and that, if she neglected so to do, then that her life estate, or so much thereof as might be necessary, be sold, and the moneys obtained thereby be decreed to be used in the payment of said interest unpaid by said life tenant. An issue was joined, testimony taken, and the matter was brought to a hearing, resulting in the decree of January 15, 1912, aforesaid. In and by said decree, it was found that the two installments of interest on said mortgage which fell due February 9, 1910, and February 9, 1911, of $125 each, were past due and unpaid, and that said defendant Rachel Pinel refused to pay either or both of said installments of interest, and that demand had been made for the same, and that said $250 was a lien upon the life estate of said defendant. It was therefore ordered, adjudged, and decreed in said cause that said defendant should pay the said two installments of interest amounting to $250 within four months from the service upon her of a copy of said decree, and,

if said defendant did not pay said amount within said four months, then in such case the sheriff of the county should sell her interest in said premises, as near as may be, in the manner provided for the sale of real estate on execution, at public vendue, after giving the same notice thereof as is required in sales of real estate upon execution, etc. From this decree the said defendant appealed, filing her claim of appeal on February 29, 1912. She did not, however, give or file the appeal bond provided for by Act No. 299, Pub. Acts 1909, as amended by Act No. 160, Pub. Acts 1911.

No stay of proceedings having been asked for, and it appearing by the answer of said complainants to the petition of defendant for an injunction that a copy of the decree was duly served on said defendant on or about January 18, 1912, and she having failed to pay the amount due or any part thereof, the sale was advertised, and on July 10, 1912, was made, and the life estate of said defendant was sold and bid in by the complainants for $250. The merits and regularity of said decree and the rights thereunder are questions which are involved in said appeal, and we shall not attempt to dispose of them on this petition. The complainants, claiming that their deed upon such sale became absolute at once, and that defendant has no right of redemption from such sale, have taken proceedings to obtain possession of said premises. We are asked to restrain such proceedings. The defendant having failed to give and file the statutory appeal bond, the proceedings under the decree are not stayed, and the complainants may proceed, at their peril, to enforce their rights thereunder, as they understand them; and we cannot relieve the defendant because of her alleged poverty.

Coupled with their answer to the petition of defendant, complainants move to dismiss the appeal for want of prosecution. It appears that defendant and appellant has perfected her appeal, and has printed the record. As, under Rule 41 (127 Mich. xxxiii) of this court, the duty to serve the first brief rests upon complainants and appellees, the

merits of their motion are not apparent, and must be denied.

The petition of defendant for an injunction must also be denied, but as under the holdings of this court in *Coeling* v. *Barnard*, 159 Mich. 634 (124 N. W. 533), and *Commercial Nat. Bank* v. *Gaukler*, 164 Mich. 215 (129 N. W. 195), we have the right to permit the defendant, upon a proper showing, to file an appeal bond *nunc pro tunc*, in this court, staying proceedings under the decree, the petition will be denied without prejudice to her right to make such application.

No costs are allowed to either party.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, KUHN, OSTRANDER, and BIRD, JJ., concurred.