*J. P. Green*, for the appellant.

---

HARVEY *v.* QUICK and Another, Executors.

Suit by the indorsee upon a promissory note for 65 dollars. The maker and the payee were both deceased. Answer, payment by the maker in his lifetime to the payee in his lifetime. The evidence showed money payments to the payee, amounting to from 75 to 90 dollars. Upon what indebtedness the payments were made, did not appear, nor did it appear that the note in suit, or any note, was referred to. There were running accounts between the parties. Finding and judgment for the defendant. *Held*, that this Court cannot disturb the finding.

Even where the verdict is such as this Court would not find from the evidence, it is the settled rule not to disturb it, except in extreme cases.

To justify interference by this Court, the insufficiency of the evidence must appear beyond all doubt.

But in this case, payments having been made, and no claim except the note being specifically shown to exist, the Court must presume that the payments were made on the note.

APPEAL from the *Franklin* Court of Common Pleas.

STUART, J.—This was an amicable suit in the Common Pleas against the estate of *John Quick*, deceased, of whom the defendants were executors. The cause of action filed, was a note under seal, dated *November* 15, 1838, payable

to *Jacob Harvey*, sr., for 65 dollars, with 10 per cent. inte-
rest.  The payee assigned the note, on the first of *January*,
1850, to the plaintiff, *Jacob Harvey*, jr.

The defense set up by the executors of *Quick* was, pay-
ment made by *Quick*, in his lifetime, to *Harvey*, sr., in his
lifetime.  On this issue of payment, the cause was sub-
mitted to the Court.  Finding and judgment for the exec-
utors of *Quick*.  A motion for a new trial, interposed at
the proper time, was overruled, and the evidence made part
of the record.  *Harvey*, the plaintiff below, appeals.

The evidence shows several money payments to *Harvey*,
sr., to the amount, together, of from 75 dollars to 90 dollars.
The witnesses are thus general as to the amount.  Nothing
was said at the time, upon what indebtedness these pay-
ments were made; nor was the note in suit, or any note,
referred to.  It further appears that the parties had long
been near neighbors, and had other dealings.  At the very
time of the payments, there were running accounts be-
tween them.  There is other evidence in relation to the
pecuniary circumstances of the two parties, which, in this
state of the case, cannot have much weight.

The only question before us is, whether this is such a glar-
ing case of failure in the evidence to authorize and sustain
the finding, as to justify the Court to disturb it.  We
think not.  Even were the verdict such as we should not
have found from the evidence, it is the settled rule not to
disturb it unless in extreme cases.  It was early and wisely
held, that unless the insufficiency of the evidence appeared
beyond all doubt, the Court would not interfere.  *Mann* v.
*Clifton*, 3 Blackf. 304.  And so it has been repeatedly ruled
since.  And the rule has been applied in cases of a high
grade of crime.  *Weinzorpflin* v. *The State*, 7 Blackf. 186.—
*Ledley* v. *The State*, 4 Ind. R. 580.  The finding of the
Court in this case, stands in the nature of a verdict, and
must be treated with the same respect.

But we are inclined to regard the finding as right on
principle.  The evidence clearly shows that *Quick* paid
*Harvey*, sr., money on several occasions.  It is true it is
said that there were other dealings and running accounts

May Term, between the parties. But this note is the only one shown
1857. to exist. No other ·claim of any kind is pretended to be
SHEPHERD specified by any witness. No particular debt was spoken
v. of at the time of the payment. The only presumption to
EVANS. be indulged in ·such a state of facts is, that this is the in-
debtedness referred to, on which the payment was to be
applied.

*Per Curiam.*—The judgment is affirmed with costs.

*G. Holland,* for the appellant.

*D. D. Jones* and *H. Berry,* for the appellees.