## Matthew H. Maynard and others v. Eliza Pereault.

*Equity pleading and practice: Decree: Enrollment: Re-examination: Bill of review.* After the enrollment of a decree upon default after appearance, it is subject to be opened for re-examination only on bill of review; and an order setting aside such a decree, and dismissing the bill for a demurrable defect, upon a petition filed in the original cause, is held irregular and erroneous.

*Mortgage foreclosure: Lands deeded by way of security.* Whether the statute (*Comp. L.*, § 5152), as to proceedings in chancery to foreclose a mortgage where a judgment at law has been obtained for the money secured by it, applies to the case of a bill to foreclose the defendant's equity of redemption in lands which had been conveyed to complainants by warranty deed by way of security:—*Quære?*

*Submitted on briefs and decided July 24.*

Appeal in Chancery from Houghton Circuit.

*Chandler & Grant,* for complainants.

No counsel appeared for the defendant.

COOLEY, J.

The bill in this case was filed to foreclose the defendant's equity of redemption in lands which had been conveyed to complainants by warranty deed by way of security. The bill showed that complainants had sued at law and recovered judgment, but had taken no further proceedings to collect. The defendant was personally served with process, and appeared by solicitor, but afterwards suffered the bill to be taken as confessed. Decree of foreclosure was entered and duly enrolled. Afterwards defendant filed a petition in the alternative, for a re-hearing, or for a dismissal of the bill, because execution had not been issued on the judgment at law, and returned unsatisfied. The petition assumes that *Sec. 5152* of the *Compiled Laws of 1871* applies to the case. The judge, after argument, set aside the decree, and dismissed the bill.

It is unnecessary to determine whether the statute referred to is applicable to this case, as the practice which has been adopted in the case is clearly irregular. The order which was made gave to the defendant, who had suffered a default after appearance, the benefit of a demurrer long after all right of demurrer was gone, and when the case, by the enrollment of decree, had reached a stage in which it was subject to be opened for re-examination only on bill of review.

The order setting aside the decree and dismissing the bill must be reversed, with costs, and the case remanded for further proceedings.

The other Justices concurred.