DANIEL LYLE AND OTHERS v. WILLIAM K. PALMER, TRUSTEE.

*Fixtures—Machinery.*

Machinery specially adapted for use in connection with the realty, and put up for use and actually used on it and owned in common with the realty, is a fixture, however the parties may regard it. So *held* where the machinery of a woolen factory, propelled by a water-wheel with shaft and belting, had been included as personal property in a mortgage of the land on which it was placed.

Where the deed of a homestead mentions the house separately, it still remains part of the freehold.

A mortgager of chattels cannot contest the mortgage for the failure to file it, nor can his trustee.

Purchasers on a foreclosure of a chattel mortgage have the rights of mortgagees in possession, and cannot be sued in trover by any one who is precluded from attacking the mortgage or who shows no right to contest the possession.

Error to Cass.    Submitted Oct. 30.    Decided Nov. 29.

TROVER.    Defendants bring error.

*Spafford Tryon* and *Daniel Blackman* for plaintiffs in error. Machinery set up in a woolen factory for permanent use, and transferred with the building, is a fixture, *Burnside v. Twitchell,* 43 N. H., 390; *McRea v. Cent. Nat. Bank of Troy,* 66 N. Y., 489; *Laflin v. Griffiths,* 35 Barb., 58; *Parsons v. Copeland,* 38 Me., 537; *Union Bank v. Emerson,* 15 Mass., 159; *House v. House,* 10 Paige, 158; *Ege v. Kille,* 84 Penn. St., 333; *Butler v. Page,* 7 Met., 40; *Lawton v. Lawton,* 3 Atk., 13; *Snedeker v. Warring,* 12 N. Y., 170; *Corliss v. McLagin,* 29 Me., 115; *Farrar v. Stackpole,* 6 Greenl., 154; *Symonds v. Harris,* 51 Me., 14; *Deal v. Palmer,* 72 N. C., 582; *Coleman v. Stearns Mfg. Co.,* 38 Mich., 30; *Crippen v. Morrison,* 13 Mich., 32; *Hill v. National Bank,* 97 U. S., 450; *Ottumwa Woolen Mill Company v. Hawley,* 44 Ia., 57: 24 Amer., 719; *Pierce v. George,* 108 Mass., 78; *McConnell v. Blood,* 123 Mass., 47; *Walmsley v. Milne,*

7 C. B. (N. S.), 115; *Cline v. Ward*, L. J. 3 Exch., 257;
*Holland v. Hodgson*, L. R. 7 C. P., 328; *Winslow v. Merch.
Ins. Co.*, 4 Met., 306; Cooley on Torts, 428; Ewell on
Fixtures, 275; Wash. R. P., 15; a mortgager or his
trustee is estopped from contesting the mortgage as against
the mortgagee, Jones on Mortgages, §§ 682, 734, 1483;
*Bush v. Cushman*, 27 N. J., 131; *White v. Patten*, 24
Pick., 324; *Truesdail v. Ward*, 24 Mich., 117; *Faxton v.
Faxon*, 28 Mich., 159; it is not the manner but the
character of the annexation as to permanence which
determines whether anything is a fixture, *Strickland v.
Parker*, 54 Me., 263; *Brennan v. Whitaker*, 15 Ohio St.,
446; Jones on Mortgages, § 429.

*Joseph B. Clarke* and *Geo. B. Sullivan* for defendants
in error. Looms in a woolen factory were held to be
personal property in *Murdock v. Gifford*, 18 N. Y., 28;
and see *Potter v. Cromwell*, 40 N. Y., 287; *Voorhees v.
McGinnis*, 48 N. Y., 278; *Swift v. Thompson*, 9 Conn.,
63; *Gale v. Ward*, 14 Mass., 352; *Sturgis v. Warrer*, 11
Vt., 433; *Taffe v. Warnick*, 3 Blackf., 111; *Parks v.
State Bank*, 7 Blackf., 769; *Cresson v. Stout*, 17 Johns.,
116; *Waterfall v. Penniston*, 37 E. L. & E., 156; *God-
ard v. Gould*, 14 Barb., 662; *Robertson v. Corsett*, 39
Mich., 777; *Wheeler v. Bedell*, 40 Mich., 693; *Ferris v.
Quimby*, 41 Mich., 202; *Walker v. Sherman*, 20 Wend.,
*Vanderpoel v. Van Allen*, 10 Barb., 157; *Stevens v. Buff.
& N. Y. R. R.*, 31 Barb., 590; *Heermance v. Vernoy*, 6
Johns., 5; *Burk v. Baxter*, 3 Mo., 207; *Terry v. Robins*,
5 Sm. & M., 291; *Maples v. Millon*, 31 Conn., 598.

COOLEY, J. Palmer as trustee in bankruptcy of the
estate and effects of George and Jacob J. Van Riper
sued the plaintiffs in error in trover to recover the value
of certain machinery, consisting of a number of power
and hand looms, spinning jacks, card machines, etc.,
constituting the ordinary machinery of a woolen factory.
It appears that in March, 1868, the Van Ripers were the

owners of a woolen factory and the land on which the same was situated, and of this machinery, and that the machinery was put up for use in the factory, and was propelled by a water-wheel, with shaft and belting. While it was so put up for use and in the month aforesaid the Van Ripers mortgaged the real estate to one Kingsbury to secure the payment of five thousand dollars, and in the mortgage described the machinery particularly, and included it. It appears that the parties understood the machinery to be personal estate. The mortgage fell due in March, 1870, and in April of that year Kingsbury filed his bill in chancery to foreclose it. He obtained a decree for a sale of the property, and on April 28, 1871, a sale was made and plaintiffs in error became the purchasers. It seems that the machinery was first offered for sale separately, but no one bidding, it was offered with the realty, and the whole was struck off to plaintiffs in error except two spinning jennies. The sale appears to have been for less than the amount of the decree.

The Van Ripers were adjudged bankrupts June 7, 1870, and Palmer was appointed trustee of their estate and effects the following month. In June, 1872, he demanded of plaintiffs in error the machinery in the woolen mill, and on their refusal to deliver it, he brought this suit.

Palmer claims that all this machinery was personal property, and therefore, conceding the Kingsbury mortgage to be valid, it must as to this machinery be regarded as a chattel mortgage. He then shows that it was never filed as such in the town clerk's office as the statute requires (Comp. L., § 4706), and thereupon claims that it was void as to creditors. He further claims that he, as the representative of the creditors, has a right to take on their behalf all the objections to the mortgage which the creditors themselves might have taken had there been no bankruptcy, and to insist on all their rights.

The circuit judge finds that the machinery was personalty. This finding was no doubt based upon the fact that the parties so believed and considered it. This

may generally be conclusive, but not always, and in this case it is clear the parties were mistaken.' The machinery was specially adapted for use in connection with the real estate; it was put up for use and actually used with it; and was not severed from the realty in ownership. The fact that in the mortgage it was specially described was unimportant; a man in selling his homestead may mention his house separately, if he so pleases, but this would not change the fact or the law; it is just as much a part of the freehold as if it had been sold with the land without mention.

But if we were to concede the machinery to be chattels, Palmer would be no better off. Plaintiffs in error purchased the most of it, and obtained possession of all in April, 1871. From that time they had at least the rights of a mortgagee of chattels in possession, and Palmer shows no right to contest that possession. It is not pretended the Van Ripers could have disputed the validity of the mortgage, because of the failure to file it, and Palmer stands in no better position. The foreclosure decree established the validity of the mortgage and the right to have the property sold to satisfy the mortgage debt, and the decree cannot be attacked in this collateral way. A sale of the machinery was specially directed by it, and plaintiffs in error claim its protection.

It was claimed, however, on the part of Palmer that the foreclosure sale was void as to the machinery for reasons of irregularity which we need not specially mention. Concede it and plaintiffs in error are nevertheless, as purchasers, entitled to the rights of mortgagees in possession. *Gilbert v. Cooley*, Wal. Ch., 494. This is sufficient for their protection as against this suit, and if they doubted the validity of their sale, nothing would be in the way of their causing another to be made. The sale, however, appears to have been confirmed by the court, and no appeal has been taken from the confirmation.

There are two articles, however, which the court finds were converted, which apparently the plaintiff below was

entitled to recover for. These were a clock and a pair of scales, worth together twenty-five dollars. Under the views above expressed, the failure to sell the two spinning jennies is immaterial in this suit.

Plaintiffs in error must have judgment on the findings for the costs of both courts. From the costs when taxed must be deducted twenty-five dollars for the value of the clock and scales, and execution may issue for the remainder.

The other Justices concurred.