STEPHEN BALDWIN v. MARTIN CULLEN.

*Ejectment for mortgaged premises—Presumption of payment from lapse of time—Time of filing claim for improvements.*

The statute forbidding ejectment to be brought for mortgaged premises before foreclosure does not apply to mortgages given before its enactment, and under which the purchase made at the foreclosure sale passed the title to the purchaser, even though the foreclosure were ineffectual.

A mortgage is not necessarily presumed paid, from lapse of time, if the mortgagee asserted his right to foreclose in due season, and there does not appear to be any adverse holding, under the mortgager; the purchaser must be understood as claiming under the sale ever since it was made.

Defendant in ejectment filed a claim for improvements at the proper time but it was informal and insufficient. Two years after the suit was put at issue, but three years before it was brought to trial, he filed a claim that was in due form, and no motion was made to strike it from the files nor did plaintiff object that it was not served on him or brought to his notice. *Held* that as a motion to amend the first claim should have been allowed, if made, the second claim

51 MICH.—3

should have been treated as an amendment and evidence should have been received under it. *Van Den Brooks v. Correon* 48 Mich. 285 distinguished.

Error to Wayne. (Speed, J.)   June 7. — June 13.

EJECTMENT.   Defendant brings error.   Reversed.

*C. I. Walker* for appellant.

*H. C. Wisner* for appellee.

COOLEY, J.   Ejectment for two certain parcels of land. The plaintiff recovered, and defendant brings error relying upon certain supposed defects in the plaintiff's title to each parcel, and also upon the refusal of the court to permit the defendant to show the value of betterments made by him upon the premises while holding them under color of title, and to recover the amount.

As regards one parcel of the land, no defects are pointed out which we think have plausibility. As to the other it appears that the plaintiff's title is deduced through the foreclosure by advertisement of a mortgage. The mortgage bore date July 29, 1841, and covered distinct and unconnected parcels of land. It was foreclosed in 1854, and all the parcels sold and struck off for one gross sum. It was decided in *Lee v. Mason* 10 Mich. 403, that such a sale was invalid, as against the mortgagor, who was entitled to have the parcels sold separately, and no more sold than should prove necessary to satisfy the mortgage. This defendant, however, is not the mortgagor, nor is he in privity with the mortgagor. He is a stranger to that title, and the plaintiff insists that he is not at liberty to raise this question. The point is not material in this case; for the mortgage was given at a time when ejectment might be maintained upon it; and the subsequent statute which forbade ejectment before foreclosure had no application to such mortgages. *Mundy v. Monroe* 1 Mich. 68; *Blackwood v. Van Vleet* 11 Mich. 261. The purchase at the foreclosure sale

passed the mortgage title to the purchaser. *Gilbert v. Cooley* Wal. Ch. 494. So that the suit is well brought even if the foreclosure was ineffectual. It is suggested that the mortgage, from the great lapse of time, must be presumed paid; but we think not. The mortgagee asserted his right to foreclose in due season, and the purchaser must be understood as claiming under the sale ever since it was made. And as no adverse holding under the mortgagor appears, the lapse of time raises no presumption against the mortgage title.

The facts respecting the claim for improvements appear to be these: Defendant when the suit was instituted had for some time been in possession of the land under a purchase for delinquent taxes, and claims to have made valuable improvements. When the suit was begun he pleaded to the merits, and also filed a claim to have his improvements estimated that he might recover their value. It is conceded that this claim was wholly insufficient under the statute. Discovering the insufficiency the defendant, two years after the suit was put at issue, but three years before it was actually brought to trial, put on file another claim for compensation for improvements, which appears to be in due form. But when on the trial he offered to give evidence upon this claim, it was rejected because no sufficient claim was filed ten days before the first term of court at which the case might have been tried.

The ruling is understood to have been made in reliance upon *Van Den Brooks v. Correon* 48 Mich. 285. In that case the claim for compensation for improvements was not made until after one trial had been had; and we held that defendant was too late in making it. There is a dictum in the case which goes further than the decision, and the correctness of which may be considered hereafter should occasion arise for it. No such occasion appears in this case. The first claim filed by the defendant was in due season whether the one construction of the statute or the other is adopted. If it was insufficient, the defendant should have been permitted to amend it; and it would have been an

abuse of discretion to cut the defendant off from substantial equities by refusing to permit an amendment. The claim afterwards filed in due form was an amendment made without an order of court, but no motion was made to strike it from the files, and it is not shown by the record that plaintiff made any claim that it was not served upon him or brought to his notice. Under the circumstances, as we must suppose the motion for leave to amend would have been a mere formality, and would have been granted without hesitation, we think the paper on file and confessedly in due form should have been suffered to stand as an amendment of the defective paper filed in due season, and that the evidence should have been received under it.

The judgment must be set aside with costs and a new trial ordered.

The other Justices concurred.