JOHN WILKIE v. THE CIRCUIT JUDGE FOR INGHAM COUNTY.

*Mandamus vacating order to set aside execution sale.*

1. Notice of proceedings to set aside an execution sale should be given to the purchaser.

2. Mandamus to vacate an order setting aside a sale on an execution that had been levied without waiting for the enrollment of the decree was *denied,* even though no notice of the proceedings to set aside the sale had been given to the purchaser, where (1) the date of the decree, as shown in the execution, was notice of the fact that the exe-

cution was prematurely issued; and (2) where the motion to set aside was not made until the time to redeem had expired.

Mandamus.    Submitted Feb. 6.    Denied Feb. 8.

*J. C. Shields* for relator.

*Huntington & Henderson* for respondent.

COOLEY, C. J    On July 22, 1882, a decree in chancery was entered in the Ingham circuit court, in the case of Andrew J. Carr v. J. Deville Dennis, whereby costs were awarded to the complainant.    On the next day the costs were taxed; and without waiting thirty days for the enrollment of the decree as the statute requires—How. St. §§ 6649, 6653—the complainant took execution immediately. This was directed to the sheriff of the county of Tuscola. July 24, 1882, the decree was enrolled.    September 12, 1882, the defendant made an affidavit as a basis for a motion to recall the execution, and gave notice to complainant's solicitor of such a motion.    The motion was not brought to a hearing until February, 1883.    Meantime the sheriff of Tuscola county had levied upon lands of defendant and sold the same, and the relator had become the purchaser, without, as he claims, any notice of irregularities. At the February term of the Ingham circuit court, 1883, the circuit court granted the defendant's motion.

The relator now moves for a mandamus to require the circuit judge to vacate the order setting aside the sale.    He shows that he had no notice of defendant's motion; and this, and the fact that he was a purchaser in good faith, are the grounds of his application.

The circuit judge was irregular in vacating the sale without notice to the relator.    But before setting aside his action we must see what justice requires; and we are satisfied that justice does not require that relator should be allowed the benefit of his sale.    The execution is not returned, but it is to be assumed that it shows the date of the decree, so that the fact that it issued prematurely appears upon it.

But passing that point, we, cannot overlook another fact that is of much importance. The motion to set aside the order vacating the sale was not made until the time to redeem from the sale had expired, and the effect of granting it would be to cut off the statutory right of redemption. It is not very clearly shown that relator did not know of the proceedings which were taking place in time to move more promptly; but if not, confirming his sale now is more likely to do injustice than leaving the order already made to stand. We think it proper, therefore, to leave the case in the hands of the circuit judge, who will no doubt protect the equities of all parties as completely as shall be found possible under the circumstances.

The other Justices concurred.