KELSEY v. MING.

1. MORTGAGES—IRREGULAR FORECLOSURE—RIGHTS OF PURCHASER.
   An irregular foreclosure sale does not extinguish the mortgage, but operates to transfer to the purchaser the rights of the mortgagee.

2. REPLEVIN—JUDGMENT—PRIORITY OF LIENS.
   Valid liens existing upon replevied property at the time the suit was commenced are not extinguished, nor is their priority affected, by the exercise by the defendant of his right to waive a return of the property, and have its value assessed, since this right is expressly declared by the statute conferring it ( 2 How. Stat. § 8347 ) to be subject to section 8342, providing that, where either party to an action in replevin has a lien upon the property, such fact shall be determined, and such judgment shall be rendered as shall be just between the parties.

Error to Cheboygan; Adams, J. Submitted October 5, 1898. Decided November 1, 1898.

Replevin by Eber L. Kelsey against Fred R. Ming. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Frost & Sprague* (*Moore & Moore*, of counsel), for appellant.

*Humphrey & Grant*, for appellee.

MOORE, J. In October, 1895, Charles E. Kelsey executed a mortgage upon a quantity of lumber, to the Union Trust Company, as trustee, to secure a debt due the plaintiff of $13,000, and one to Charles L. Kelsey of upwards of $2,000, and stated the lumber was clear of all liens, "except possible legal liens for saw bills," etc. The lumber was then piled upon the docks belonging to the owners of the mills where the lumber was cut. This mortgage was properly filed. In December following, a writ of attachment against Charles E. Kelsey was placed in the hands of defendant, who was sheriff of the county, and, by virtue of his writ, he levied upon the lumber in question. Afterwards a judgment was obtained in this attachment suit. In April, 1896, the mortgagee attempted to foreclose the mortgage, and sold the property by mortgage sale, subject to the liens for saw bills, to the plaintiff in this case, for about $9,000. It is the claim of plaintiff that he afterwards paid the saw-bill liens, amounting to upwards of $4,000. After the sale, he caused a demand to be made upon the sheriff for the lumber, and, upon his refusal to give it up, commenced this action in replevin.

It was the claim of defendant upon the trial that the mortgage was void as to the creditors of Charles E. Kelsey, and that the foreclosure proceedings were so defective that plaintiff did not obtain title. The plaintiff asked the judge to direct a verdict in his favor. He declined to do so, but directed a verdict in favor of defendant for two reasons:

"1. That there is no sufficient evidence that the notices of sale provided by said mortgage and by law were given prior to the making of the sale.

"2. That at the time of said sale the property pretended to be sold was not in the possession of the person making said sale, but was held adversely to him by the defendant in this suit, as sheriff, under a writ of attachment, and that the plaintiff in this case is not entitled to recover."

He also instructed them as follows:

"Your verdict must be in favor of the defendant for the amount of the defendant's lien, the defendant having waived a return of the property; and the amount of the lien is the judgment and the costs and the interest, amounting to $10,078.57. You will render a verdict in favor of the defendant for that amount."

Exceptions were taken by plaintiff to this action of the judge, and error is assigned.

There was sufficient testimony of the posting of the notices of sale so the question should have been submitted to the jury; but, as the notice itself is not in the record, we are not able to say the court erred in instructing the jury there had been no compliance with the provisions of the mortgage in relation to the notices of sale.

It is claimed by plaintiff that, even if the sale was defective, he succeeded to the rights of the mortgagee, and had a lien upon the lumber to the amount due upon the mortgage; that he also had a lien upon the lumber for the saw bills; that these liens were prior to the lien of the sheriff, and, as they amounted to the value of the lumber, defendant was entitled to only nominal damages. The record does not disclose when, or the circumstances under which, the saw bills were paid; so we are unable to decide whether the lien for saw bills was discharged or not. The record shows a dispute as to the validity of the chattel mortgage. This raised a question of fact; and, as it was not submitted to the jury, we cannot say whether the mortgage was void as to creditors or not. If it was a valid mortgage, it was not extinguished by an irregular sale, but the purchaser would succeed to the rights of

the mortgagee. Jones, Chat. Mortg. § 811; *Gilbert* v. *Cooley*, Walk. Ch. 494; *Lillibridge* v. *Tregent*, 30 Mich. 105; *Hoffman* v. *Harrington*, 33 Mich. 392; *Lyle* v. *Palmer*, 42 Mich. 314; *Morse* v. *Byam*, 55 Mich. 594; *Rose* v. *Page*, 82 Mich. 105.

Defendant urges that, as plaintiff claimed in the court below to be the owner of the property, he cannot now claim to be a lienor. The plaintiff duly excepted to the action of the circuit judge in directing a verdict for the amount of the judgment and costs which were obtained in the attachment case. If the plaintiff was not entitled to the possession of the property, defendant was entitled to its return. If it was returned to him, no one would claim that it would be discharged of the valid liens which existed at the time the replevin suit was commenced, or that their priority would be affected. Is it possible such a result can be worked out by simply waiving a return of the property? The right to waive a return of the property, and to have its value assessed, is given in 2 How. Stat. § 8347. This section expressly provides that the right shall be subject to the provisions of section 8342; and this section provides that, where either of the parties has a lien or part ownership in the property, that fact shall be determined, and such judgment shall be entered as shall be just between the parties. If it is true, as claimed by plaintiff, that this chattel mortgage and the saw bills were liens upon the property at the time the levy was made, and that he had succeeded to the rights of the mortgagee and the lienors, it would not be just to render such judgment as was directed in this case.

We do not deem it necessary to discuss the other questions, for they are not likely to arise in a new trial.

Judgment is reversed, and new trial ordered.

The other Justices concurred.