GERASIMOS *v.* ESTATE OF WARTELL.

1. WITNESSES—EVIDENCE—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED NOT ADMISSIBLE.

   In a suit against the estate of a deceased mortgagee for the discharge of a note and mortgage on the ground of payment, testimony of plaintiff that sums, shown by checks drawn in favor of the mortgagee and receipts bearing his signature, were paid on such indebtedness was inadmissible under 3 Comp. Laws 1915, § 12553, as being matters equally within knowledge of deceased mortgagee.[1]

2. PAYMENT—PRESUMPTIONS—PROOF OF OTHER DEALINGS MAY BE MADE TO OVERCOME PRESUMPTION.

   Where there is proof of an indebtedness and proof of payments made to the creditor, without identification of the application thereof, it will be presumed that such payments were made to apply on such indebtedness; but such presumption may be overcome by a showing that there were other dealings between the parties on which the payments might have been made.[2]

3. MORTGAGES — DISCHARGE OF MORTGAGE — PAYMENT — PROOF OF OTHER DEALINGS ADMISSIBLE.

   In a suit for the discharge of a note and mortgage on the ground of payment to a deceased mortgagee, where plaintiff's proofs tended to show that more than $2,000 above the amount due on the mortgage had been paid, which of itself tended to show that there had probably been other dealings between the parties, a bill of sale of personal property, given by mortgagor to mortgagee to secure notes, *held*, admissible as further proof of such other dealings and to establish by competent evidence the facts relating to that transaction.[3]

4. USURY—EVIDENCE—SUFFICIENCY.

   The finding of the court below that plaintiff's claim of usury is not established, *held*, justified by the record.[4]

[1]Witnesses, 40 Cyc. p. 2312; [2]Payment, 30 Cyc. p. 1273; [3]Mortgages, 27 Cyc. p. 1398; [4]Usury, 39 Cyc. 1055.

5. APPEAL AND ERROR—CHANCERY APPEALS—EVIDENCE IMPROPERLY
   EXCLUDED MAY BE MADE PART OF RECORD BY DEPOSITION OR
   REFERENCE.

   Where in a suit to discharge a note and mortgage on the
   ground of payment to a deceased mortgagee, material evi-
   dence was improperly excluded in the trial court, making
   it impossible to fairly determine the rights of the parties
   on the record, the Supreme Court, under 3 Comp. Laws
   1915, § 12493, may order further proof taken under dep-
   osition or reference and return made thereof to the ap-
   pellate court.[5]

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted January 12, 1926.    (Docket No. 115.)
Decided March 20, 1926.

Bill by Theodore Gerasimos and another against the
estate of Moses Wartell, deceased, and others for the
discharge of a note and mortgage.    Defendants filed
a cross-bill to foreclose.    From a decree for defend-
ants, plaintiffs appeal.    Remanded for reference under
3 Comp. Laws 1915, § 12493.

*John W. L. Hicks,* for plaintiffs.

*Edmund M. Sloman (Everett H. Wells,* of counsel),
for defendants.

SHARPE, J.    On July 1, 1918, plaintiffs executed
and delivered to Moses Wartell a note for $6,000, pay-
able in three years, with interest at 6 per cent.    To
secure this note, they executed a mortgage on certain
real estate in the city of Detroit, which was duly
acknowledged and recorded.    Mr. Wartell died on De-
cember 21, 1921.    Alleging that the mortgage had
been paid in full, and that foreclosure proceedings
were threatened, plaintiffs filed the bill herein, praying
for a decree discharging it.    The administrator of the
estate and the widow, who was also made a defendant,

---

[5]Appeal and Error, 4 C. J. § 3237.

answered, denying that the mortgage had been paid, and in a cross-bill prayed for its foreclosure. They were granted a decree, fixing the amount due at $4,247.75. The plaintiffs appeal.

It is plaintiffs' claim that they have not only paid the debt secured by the mortgage, but that they made payments thereon in excess of the sum due, to the amount of $2,385.55. It is unfortunate that a settlement was not had between the parties during the lifetime of Mr. Wartell. The plaintiffs had no proof except the testimony of Theodore Gerasimos, the mortgagor, who produced a number of checks, drawn to Moses Wartell and indorsed by him or his wife, and receipts bearing his signature, and other evidences of payment. The signatures were admitted by defendants' counsel. Plaintiffs' counsel sought to show by the witness that these sums were paid upon the mortgage indebtedness. This proof was clearly inadmissible (3 Comp. Laws 1915, § 12553), and the court so held.

In our opinion, where there is proof of an indebtedness and proof of payments made to the creditor, without identification of the application thereof, it will be presumed that such payments were made to apply on such indebtedness. *Harvey* v. *Quick*, 9 Ind. 258; *Frick* v. *Trustees of Schools*, 99 Ill. 167. This presumption may be overcome by a showing that there were other dealings between the parties, on which the payments might have been made. After identifying plaintiff's signature thereto, defendants' counsel offered in evidence an agreement entered into between Wartell and the plaintiff on June 17, 1918, a few weeks before the date of the mortgage, which recited that plaintiff had given to Wartell a bill of sale of a soda fountain outfit to secure two notes in the sum of $5,350, payable in 6 months, and provided that on payment of the notes the property should be re-

transferred to him.    Defendants also sought to show by plaintiff that the soda fountain outfit was in the possession of Wartell at the time of his death, but, on objection of plaintiffs' counsel, were not permitted to do so.

The fact that the receipts, checks, etc., offered by plaintiff showed that he had overpaid the amount due on the mortgage by more than $2,000 would, in itself, tend to show that there were probably other dealings between the parties, but we think defendants were also entitled to have the bill of sale received in evidence as further proof thereof, and to establish by competent evidence the facts relating to that transaction.    Plaintiffs' counsel in his brief says that "plaintiffs in this case have a mass of checks and receipts showing that that other matter was also very much overpaid" and that "none of these were put in evidence because the court below had ruled it out."

It is apparent that the rights of the parties may not be fairly determined on the record before us.    It would seem that counsel, after taking into consideration all of the dealings between these parties, should be able to arrive at a fair settlement of the matters in dispute.    The defendants, if satisfied as to the sums which Wartell, or those representing him, received from plaintiffs, should be willing to give them credit therefor on the several items of their indebtedness, and plaintiffs cannot ask for more.    In this connection it may not be improper to say that we agree with the trial court that the claim of usury is not established.

Section 12493, 3 Comp. Laws 1915, reads as follows:

"In all chancery cases, the court shall rule upon all objections to the competency, relevancy or materiality of testimony, or evidence offered, the same as in suits at law; and in all cases where the court is of the opinion that any testimony offered is incompetent, irrelevant, or immaterial the same shall be excluded from the

record: *Provided, however,* That if the testimony so offered and excluded is brief, the court may in its discretion permit the same to be taken down by the stenographer separate and apart from the testimony received in the case; and in case of appeal, such excluded testimony may be returned to the appellate court under the certificate of the trial court: *Provided, further,* That where such excluded testimony is not taken and returned to the Supreme Court on appeal, if upon the hearing of such appeal, the Supreme Court shall be of the opinion that any such testimony is competent and material, it may order the same to be taken by deposition, or under a reference, and returned to said court."

Should counsel be unable to reach a settlement, this court, on being so advised, will order further proof to be taken under deposition or reference, as counsel may agree.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.