GERASIMOS *v.* ESTATE OF WARTELL.

1. PAYMENT — MORTGAGES — PLAINTIFF ALLEGING PAYMENT HAS BURDEN OF PROOF.

In a suit against the estate of a deceased mortgagee for the discharge of a note and mortgage on the ground of payment, where it appeared that there were other business dealings between plaintiff and decedent, the burden was on plaintiff to prove, as best he could, without violating 3 Comp. Laws 1915, § 12553, the indebtedness on which payments made should apply.

2. APPEAL AND ERROR — DECREE AFFIRMED WHEN IN ACCORDANCE WITH PROOFS.

Where, on appeal, it is impossible to determine with any degree of certainty the payments made by plaintiff on a note and mortgage, which he claims to be paid in full, and it appears that the trial judge applied such sums as the proofs satisfied him were paid thereon, the decree of the court below determining the sum yet remaining due and unpaid is affirmed.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted January 12, 1926. (Docket No. 115.) Remanded for reference March 20, 1926. Resubmitted October 26, 1926. Decided December 8, 1926.

Bill by Theodore Gerasimos and another against the estate of Moses Wartell, deceased, and others for the discharge of a note and mortgage. Defendants filed a cross-bill to foreclose. From a decree for defendants, plaintiffs appeal. Affirmed.

[1]Payment, 30 Cyc. p. 1267; [2]Appeal and Error, 4 C. J. § 2868.
*Continued from Vol. 236.

*John W. L. Hicks,* for plaintiffs.

*Edmund M. Sloman (Everett H. Wells,* of counsel), for defendants.

SHARPE, J.    An opinion in this case was handed down on March 20, 1926 (234 Mich. 102). Pursuant to the order then made, additional proof has been taken and certified to this court.    We were hopeful that, when submitted, we might be able to render a decree fixing the amount due on the mortgage with reasonable certainty.

The additional proof is not very helpful.    As was stated in the former opinion, the plaintiff submitted a number of checks, drawn in favor of the deceased, and receipts signed by him, showing payment of amounts in excess of the mortgage indebtedness.    It appeared that there were other business dealings between them.    The burden was, we think, on plaintiff to prove, as best he could, without violating the statute (3 Comp. Laws 1915, § 12553), the indebtedness on which such payments should apply.    He is a business man, and at that time was engaged in several enterprises requiring the use of money.    Mrs. Wartell, the widow of the deceased, testified that he would frequently come to her husband, who was then an invalid, and herself, and seek temporary loans to release goods purchased by him, tendering his check, payable several days in advance, and that the money was advanced to him thereon.    It also appears that on June 17, 1918, he executed a note, payable to Moses Wartell, in the sum of $2,000, and another in the sum of $3,350, to secure which he gave to Wartell a bill of sale of a soda fountain outfit.    There is proof tending to show that this indebtedness had been reduced to $1,100.    We are unable to determine with any degree of certainty the payments made by plaintiff

on the mortgage.    The trial court applied such sums as the proofs satisfied him were paid thereon.

On the record as now presented, the decree will be affirmed, with costs to appellees.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.