GERASIMOS *v.* WARTELL.

ELLISON *v.* LIFSHITZ.

1. Appeal and Error—Proceedings Under Decree Not Stayed Unless Appeal Bond Filed.

   Under 3 Comp. Laws 1915, § 13756, filing notice of appeal from a decree foreclosing a mortgage does not operate to stay proceedings thereunder, where no appeal bond is filed.

2. Equity—Purpose of Enrollment of Decrees.

   The object of enrollment of a decree (3 Comp. Laws 1915, § 12805) is to protect purchasers at chancery sales from loss of material documents from the files, the absence of which might impair or invalidate their title.

3. Mortgages — Foreclosure — Enrollment — Foreclosure Sale Pending Appeal Valid Where no Bond Filed.

   The action of the clerk, on appeal, in attaching together and certifying the papers on file, is, in effect, an enrollment of the decree, satisfying the provisions of Circuit Court Rule No. 55, requiring enrollment before any action may be taken for its enforcement, and, therefore, sale of the premises under foreclosure while an appeal was pending is not void on the ground that the decree was not enrolled, where no appeal bond was filed.

4. Same—Enrollment Nunc Pro Tunc—Effect of Unnecessary Action to Perfect Foreclosure Proceedings.

   That the purchaser of premises under foreclosure sale, had while appeal from foreclosure decree was pending, sought to perfect the proceedings by securing an order for enrollment of the decree *nunc pro tunc*, as authorized by 3 Comp. Laws 1915, § 12811, did not affect his rights under the purchase if such proceeding was unnecessary as matter of law.

   Potter, J., dissenting.

Appeal and cross-appeal from Wayne; Moynihan (Joseph A.) and Hart (Ray), JJ. Submitted June

20, 1928. (Docket Nos. 91, 92, Calendar Nos. 33,838, 33,839.) Decided December 4, 1928.

Bill by Theodore Gerasimos and others against Anna Wartell, administratrix *de bonis non* of the estate of Moses Wartell, deceased, and others for the discharge of a note and mortgage: On motion of Anthony Ellison to intervene and to redeem from a mortgage foreclosure. Bill by Anthony Ellison, against Hyman Lifshitz and others for an accounting. From the decrees rendered, plaintiff Ellison and defendants appeal. Affirmed.

*Brooks & Colquitt (Edmund E. Shepherd,* of counsel), for plaintiff Ellison.

*Campbell, Bulkley & Ledyard (Harold R. Smith,* of counsel), for defendants.

POTTER, J. *(dissenting).* Theodore Gerasimos once owned the property in controversy. June 19, 1918, he mortgaged it to William Darmstaetter. November 29, 1918, he gave a second mortgage thereon to Moses Wartell to secure a note dated July 1, 1918. Mr. Wartell died December 21, 1921. Gerasimos filed a bill to discharge the Wartell mortgage. Decree was found for defendants in the sum of $4,247.75. Upon hearing in this court because of the condition of the account between the parties, it was suggested a settlement be made, but if not made this court would order further proof taken to be returned to it. *Gerasimos* v. *Wartell's Estate,* 234 Mich. 102. No settlement was reached. Additional testimony was taken and returned, whereupon the decree of the trial court was affirmed with costs, December 8, 1926. *Gerasimos* v. *Wartell's Estate,* 237 Mich. 1. In the meantime Harry Rosenthal, ad-

ministrator of the estate of Moses Wartell, died November 13, 1923. No suggestion of the death of the administrator was made on the record as provided by section 12385, 3 Comp. Laws 1915, but Anna Wartell was appointed administratrix *de bonis non* by the probate court and filed an answer and cross-bill asking for the foreclosure of the mortgage. By plaintiff's answer to the cross-bill in that suit, he admitted the death of Moses Wartell and that Anna Wartell was administratrix of the estate. January 18, 1928, an order was made and filed substituting Anna Wartell as administratrix *de bonis non* of the estate of Moses Wartell, deceased, as defendant and cross-plaintiff in place of Harry Rosenthal, deceased. No enrollment of the case was had. A sale of the premises was made by a circuit court commissioner January 29, 1925. The case was then pending in this court. The circuit court of Wayne county, though the case was in this court, entered an order confirming the sale February 2, 1925.

The property was purchased at foreclosure sale by Greenberg and Friedman who, March 17, 1927, conveyed their interest to Hyman Lifshitz. None of these proceedings involve the first mortgage from Gerasimos to Darmstaetter, who was not joined as a party in the cause. It was not necessary that he be joined.

Before the institution of the suit which reached this court in the cases above cited, a separate chancery proceeding was commenced December 14, 1922, by which Gerasimos attacked the Darmstaetter mortgage. Darmstaetter filed an answer and cross-bill to foreclose. This cause was at issue before the suit involving the second mortgage was started. A decree was granted on the cross-bill November 6, 1926,

and the lands and premises covered thereby sold in pursuance of the foreclosure decree by a circuit court commissioner of Wayne county, and a commissioner's deed of the premises executed January 5, 1927. Neither Wartell, nor the personal representative of his estate were parties to this suit.

Plaintiff, Anthony Ellison, March 23, 1927, obtained a quitclaim deed of the premises from Gerasimos. March 24, 1927, Darmstaetter and wife assigned the real estate mortgage given by Gerasimos to them which had been foreclosed, together with the decree of foreclosure, to Ellison. March 24, 1927, Darmstaetter and wife quitclaimed to Ellison, and May 7, 1927, executed and delivered to Ellison another quitclaim deed to correct the description of the premises.

June 7, 1927, Ellison filed this bill of complaint alleging Darmstaetter had not been made a party to the proceedings to foreclose the Wartell mortgage, defendants Greenberg, Friedman, and Lifshitz were in possession of the premises, he had applied to them for an accounting, their possession was illegal, they refused to account, were collecting the rents and profits, Lifshitz had mortgaged the premises to the Peoples State Bank for $11,500, and praying an accounting for the rents and profits and a determination of the amount due on the second mortgage, that defendants be required to accept the money due on the second mortgage from plaintiff, the foreclosure sale made under the decree in the foreclosure proceedings of the second mortgage be set aside, and that possession of the premises be delivered up to him upon payment of the amount due upon the second mortgage. The officer could not obtain service on defendants, other than the Peoples

State Bank, of the summons issued and so made return. July 12, 1927, an order of appearance and publication was entered. June 15, 1927, the Peoples State Bank entered its appearance, and July 2, 1927, filed an answer therein. August 17, 1927, the defendants Greenberg, Friedman, and Lifshitz appeared and answered. January 20, 1928, Lifshitz filed a separate cross-bill. January 20, 1928, plaintiff Ellison filed an answer to the cross-bill of the defendant Lifshitz. August 9, 1927, Loupinas and Flambouras, tenants of the premises, filed an answer and cross-bill in the nature of interpleader and an order was made in the suit that they should pay the rent into court, and thereafter similar orders were made from time to time. The case being at issue was tried and January 20, 1928, plaintiff filed 34 requests for findings of fact and law. January 28, 1928, a decree was signed by the trial court dismissing plaintiff Ellison's bill of complaint, finding him the owner of the Darmstaetter mortgage, that there was due thereon $15,392.50 with interest at 5% from March 24, 1927, giving defendants the right to redeem therefrom on payment of such sum, dismissing the cross-bill of the tenants, directing the payment by the clerk of the sums by them paid into court to defendant Lifshitz. In event an appeal was taken Lifshitz was to file a $3,000 bond to comply with the order of this court so far as it might affect the rentals from the property, and plaintiff Ellison, and defendants Peoples State Bank, Nathan Greenberg, Ben Friedman, and Hyman Lifshitz appeal.

January 11, 1928, a motion to enroll *nunc pro tunc* the second mortgage foreclosure case was filed. On January 18, 1928, plaintiff Ellison petitioned to intervene in this proceeding. January 18, 1928, Gerasimos filed an answer to the motion to enroll

*nunc pro tunc* the proceedings to foreclose the second mortgage. January 18, 1928, an order was made substituting Anna Wartell, administratrix *de bonis non* of the estate of Moses Wartell, deceased, and Edward F. Stein, sheriff, as defendants, respectively, in the place and stead of Harry Rosenthal, deceased, and George A. Walters, and for the enrollment of the decree *nunc pro tunc* as of December 7, 1924, and permitting Nathan Greenberg and Ben Friedman to intervene. December 7, 1924, was Sunday. January 23, 1928, plaintiff Ellison, by order, was permitted to interplead in the matter of the hearing of the motion for entry of an order *nunc pro tunc* in the second mortgage foreclosure case *coming on for* consideration, notwithstanding January 18, 1928, the order authorizing the enrollment of the cause *nunc pro tunc* had been made. February 7, 1928, plaintiff Ellison filed a petition in the case relating to the foreclosure of the second mortgage to set aside the sale made for the irregularities set forth in his petition. February 20, 1928, Greenberg, Friedman, Lifshitz, and the Peoples State Bank moved to intervene, and March 5, 1928, an order was entered permitting intervention by the parties last above named; and on the same date an order was entered permitting plaintiff Ellison to intervene, and denying the prayer of his petition to set aside the decree and sale made in pursuance of said decree and to set aside the order *nunc pro tunc* as of December 7, 1924, and denying his right to redeem from the second mortgage foreclosed by said decree and sale; whereupon on March 23, 1928, plaintiff Anthony Ellison filed a claim of appeal. The cases here have been consolidated and heard together.

If plaintiff Ellison took and held the title to the

premises by deed as security for money paid and advanced by him to Gerasimos, the deed might be a mortgage and as such subsequent to the second mortgage under which defendants claim. If the deed conveyed the title absolutely to Ellison, he stood in the place and stead of Gerasimos, and had a right, under the statute, even though the sale under the second mortgage was regular, to redeem from such sale at any time within six months after the sale of the premises under the decree of foreclosure of the second mortgage affirmed by this court. After the expiration of the six months' period, he had an equitable right to redeem if the sale on the second mortgage was irregular. 42 C. J. p. 390.

The foreclosure sale under the second mortgage was made while the cause on appeal was pending in this court. When an appeal is taken, the case cannot thereafter be enrolled until it is remanded by the Supreme Court. The trial court no longer has jurisdiction of the subject-matter or of the parties. Its jurisdiction is terminated and jurisdiction by the appeal is transferred to the Supreme Court. The trial court can perform no judicial act in a case over which it has no jurisdiction. When the case is remanded, after disposition here, the trial court again becomes vested with jurisdiction. The statute confers no jurisdiction to enroll a case when an appeal is regularly claimed. 3 Comp. Laws 1915, § 12805. Inasmuch as the duties of the clerk under section 13759, 3 Comp. Laws 1915, relating to chancery appeals, and section 12806 relating to enrollment so far as fastening the papers together is concerned, are analogous, it is suggested that enrollment is unnecessary. The statute relating to enrollment provides that the enrolled papers in the case

shall remain a record in the clerk's office. 3 Comp. Laws 1915, § 12806. The statute on appeals makes it the clerk's duty to transmit the papers attached together and certified by him to the Supreme Court within 15 days after such appeal shall have been perfected. 3 Comp. Laws 1915, § 13759. Until a case is enrolled it does not become a permanent record of the court. 3 Comp. Laws 1915, § 12806. The decree therein cannot be effectively pleaded in bar, as a former adjudication until the case is enrolled. 2 Daniel Ch. Pr. 1018; *Clapp* v. *Thaxter,* 7 Gray (Mass.), 384. Prior to enrollment a decree may be modified on rehearing. After enrollment it cannot, in the absence of statute, be so changed. *Maynard* v. *Pereault,* 30 Mich. 160. The significance of enrollment is that the decree is final, conclusive, and unappealed from. 3 Comp. Laws 1915, § 12805. A sale of real estate made without enrollment is clearly irregular. *Wilkie* v. *Ingham Circuit Judge,* 52 Mich. 641. There is an apparent conflict between the statute regulating appeals, which provides that appeal shall not operate as a stay of proceedings unless a bond is filed, particularly in foreclosure cases (3 Comp. Laws 1915, § 13758), and Circuit Court Rule No. 55, §§ 1, 2, which provides:

"No process shall be issued or other proceedings had on any final decree to enforce the same, until the same is duly enrolled pursuant to statute.     *     *     *

"If the decree authorizes the sale of real estate, notice of such sale may be given in advance of such enrollment, but no conveyance shall be executed by a commissioner or other officer on such sale until such enrollment is had."

If this rule is valid under section 5 of article 7 of the Constitution, then enrollment must precede the sale of real estate, notwithstanding the statute. If it

is superseded, in cases appealed to this court by section 13758, 3 Comp. Laws 1915, enrollment is not necessary before sale and deed of real estate. No statute requires confirmation of mortgage foreclosure sales. Circuit Court Rule No. 58 contemplates their confirmation. Confirmation is a judicial act (42 C. J. p. 216), resting in the judicial discretion of the court (42 C. J. p. 220). Such judicial act cannot be performed by a court whose jurisdiction has been lost by appeal to the Supreme Court. Either the sale herein was irregular, or Circuit Court Rule No. 55 does not mean what it plainly says. The sale was treated by the parties as irregular. Application was made to treat it as irregular and to enroll the proceedings *nunc pro tunc*. It was irregular. *Hochgraef* v. *Hendrie,* 66 Mich. 556. Advantage could be taken of the irregularity in the foreclosure suit itself by an application to the court by appropriate proceedings. *Hochgraef* v. *Hendrie, supra.* That is what was sought to be done by the plaintiff Ellison when he asked leave and was permitted to intervene and be heard in opposition to the motion made by defendants for an order directing the proceedings upon the foreclosure of the second mortgage be enrolled *nunc pro tunc* under the provisions of section 12811, 3 Comp. Laws 1915, from the granting of which order plaintiff Ellison appealed.

Plaintiff Ellison, when he acquired from the Darmstaetters title to the mortgage and their rights under the decree of foreclosure entered, and any prospective rights they might have, by quitclaim deed, did so with the idea he would be able to acquire title to the premises by redemption from the sale on the foreclosure of the second mortgage. As early as May 27, 1927, he notified Friedman and Greenberg in writing, being unable to see them personally, though he

attempted to do so, of his desire and intention. He could tender the money due to the purchasers at the foreclosure sale on the second mortgage together with interest, costs, and taxes and thus redeem. 42 C. J. p. 404. Defendants, for the purpose of evading such tender by plaintiff Ellison and perhaps for other purposes, sought to evade a tender and redemption from the foreclosure sale which had been made under the second mortgage. The right to redeem is a favorite of equity. It will not be lost or taken away except upon a strict compliance with all of the steps necessary to divest it. *Williams* v. *Bolt,* 170 Mich. 517. Plaintiff Ellison was the owner of premises in which he invested several thousand dollars and possessed of the right to redeem. He made every reasonable effort to do so. In the meantime he discovered the irregularities in the foreclosure sale under which defendants claim. He instituted this suit in the nature of a bill to redeem; but defendants persisted in secreting themselves. Defendants, having had their attention called to the irregularities in the foreclosure proceedings had under the second mortgage, went into court and made a motion under the statute (3 Comp. Laws 1915, § 12811), to have the papers in the suit foreclosing the second mortgage enrolled as of a date prior to the sale to bolster up the regularity of these proceedings.

The premises were in possession of defendants. They mortgaged the premises to the Peoples State Bank for $11,500 and came into court and made a tender of $14,942.31, which was insufficient, as found by the trial court, to redeem from Ellison's claim arising under the foreclosure of the first mortgage given by Gerasimos to Darmstaetter and assigned to him.

Defendants can obtain no advantage by their con-

duct. They are purchasers of property at an irregular foreclosure sale, and as such are but the equitable assignees of the mortgage, standing in the place of the mortgagee. *Gilbert* v. *Cooley,* Walk. Ch. 494; *Niles* v. *Ransford,* 1 Mich. 338; *Lillibridge* v. *Tregent,* 30 Mich. 105; *Hoffman* v. *Harrington,* 33 Mich. 392; *Lyle* v. *Palmer,* 42 Mich. 314; *Nims* v. *Sherman,* 43 Mich. 45; *Baldwin* v. *Cullen,* 51 Mich. 33; *Morse* v. *Byam,* 55 Mich. 594; *Rose* v. *Page,* 82 Mich. 105; *Lariverre* v. *Rains,* 112 Mich. 276; *Kelsey* v. *Ming,* 118 Mich. 438; *Cavanaugh* v. *Sanderson,* 152 Mich. 11; *Walker* v. *Schultz,* 175 Mich. 280; 42 C. J. pp. 393–395. Such sale is no bar to the equity of redemption. *Gilbert* v. *Cooley, supra; Hoffman* v. *Harrington, supra.* On a bill to redeem, the practice is to order a resale of the premises, in case the redemption moneys are not paid within the time prescribed by the decree. *Fosdick* v. *Van Husan,* 21 Mich. 567; *Walker* v. *Schultz, supra.*

Defendants' conduct has been inequitable. The sale under which they claim was irregular. Plaintiff Ellison, under the circumstances, should be entitled to relief. The Peoples Bank should be repaid from the money on deposit in court, with interest. The expense of a second sale of the premises will be obviated. Defendants should account to plaintiff Ellison for the rents, income, and profits received by them. The money paid into court by tenants should belong to Ellison. The decree as to the tenants should be affirmed. The decree as to plaintiff Ellison should be reversed. He should be given 60 days after the entry of a final decree herein to redeem from the foreclosure sale on the second mortgage. The interests of all parties will be thus protected. Costs should be awarded plaintiff Ellison against defendants Friedman, Greenberg, and Lifshitz.

SHARPE, J.   In the case of *Gerasimos* v. *Wartell's Estate,* a decree of foreclosure was entered in favor of defendant on her cross-bill on October 29, 1924. The plaintiffs duly appealed therefrom.   On the first hearing in this court, the record was remanded for further proof (234 Mich. 102).   On a second hearing, the decree of foreclosure was affirmed (237 Mich. 1). While the appeal to this court was regularly taken, no stay of proceedings was granted or bond filed. The defendant proceeded to its enforcement, and a sale was thereupon had by a circuit court commissioner on January 29, 1925, under which Greenberg and Friedman became the purchasers.   Confirmation was had and deed made pursuant thereto on February 18, 1925, and duly recorded.   No redemption was had.   On January 28, 1927, the purchasers were put into possession under a writ of assistance issued out of the circuit court.   Unless there were jurisdictional defects in the proceedings, the equity of redemption expired on July 29, 1925.

It may be here noted that the plaintiff Ellison first acquired an interest in the property on August 23, 1926, by an assignment by Gerasimos to him of all his right, title, and interest therein.   This document was not acknowledged or recorded, nor did it assume to convey subject to the outstanding mortgages.   The right to redeem from the sale under the Wartell mortgage had been cut off more than a year prior thereto.   He afterwards, and on March 23, 1927, obtained a quitclaim deed of the property from Gerasimos.

The defects relied on are:

(1)   The failure to make suggestion on the record of the death of Harry Rosenthal, administrator of the estate of Moses Wartell.

(2)   The omission to enroll the decree of foreclosure.

1. The facts as stated by Mr. Justice POTTER clearly show that this error was cured by what subsequently followed, and I assume that he attaches no importance thereto.

2. The statute (3 Comp. Laws 1915, § 12805) provides for enrollment of the decree by the clerk of the court 20 days after its entry "if no appeal therefrom shall have been claimed, and no petition for a rehearing shall have been presented." The manner of doing so is prescribed in this and the following section. Section 13759 prescribes the duty of the clerk when the appeal is perfected. He shall—

"attach together the original bill, process, answer, and all other proceedings, processes, motions, notices, orders and decrees which have been filed in said cause, together with the testimony as settled in the said cause, and also a copy of all journal and calendar entries and all other proceedings of record in the cause not embraced in the original papers hereinbefore mentioned, and transmit the same, together with his certificates of the genuineness of the said originals and the correctness of said copies of such journal and calendar entries and records, to the Supreme Court within fifteen days after such appeal shall be perfected."

When a case is finally determined in the Supreme Court, the records and files are remitted to the circuit court. Section 13761. To hold that the decree must be enrolled before action is taken for its enforcement, when no bond has been filed, would be equivalent to holding that the filing of the notice of appeal in itself operates as a stay of proceedings. The object of enrollment

"is to protect purchasers at chancery sales from loss of material documents from the files, the absence of which might impair or invalidate their title." *Hochgraef* v. *Hendrie*, 66 Mich. 556, 561.

The action of the clerk on appeal in attaching together and certifying the papers on file is, in effect, an enrollment of the decree.

Section 13756 reads:

"No appeal shall operate to stay proceedings in said cause, unless the party taking such appeal shall, within the time allowed for perfecting such appeal, file with the clerk of said court a bond to the appellee or appellees with sufficient surety or sureties to be approved by the circuit judge or a circuit court commissioner of said county or a Justice of the Supreme Court, and with such penalty as such judge or commissioner shall approve, conditioned for the performance or satisfaction of the decree or final order of the Supreme Court in the cause, and payment of all costs of the appellee or appellees in the matter of the appeal."

In *Pinel* v. *Pinel*, 172 Mich. 611, 614, it was said:

"The defendant having failed to give and file the statutory appeal bond, the proceedings under the decree are not stayed, and the complainants may proceed, at their peril, to enforce their rights thereunder."

Reliance is placed upon the provisions of Circuit Court Rule No. 55. It is said to be in conflict with section 12805. This rule must be read in the light of the statute pertaining to appeals. It makes no reference thereto. In my opinion, the act of the clerk, when the appeal was perfected, in attaching together the original papers filed and adding his certificate thereto, was a substantial compliance with the enrollment provision and takes the place thereof.

If the purchasers at the foreclosure sale under the Wartell mortgage acquired title on July 29, 1925, and the right of redemption on the part of Gerasimos and those who subsequently acquired his interest

was at that time cut off, this court should not set the proceedings aside and permit plaintiff to redeem from that mortgage because he will suffer loss on account of his subsequent dealings with Gerasimos, with which the owners under the deed acquired at the sale had no concern.

Neither should the fact that the present owner sought to perfect the proceedings had in the foreclosure suit by securing the order for enrollment *nunc pro tunc* be said to affect his rights under his purchase if such proceeding was unnecessary as a matter of law. It was authorized, however, by section 12811, 3 Comp. Laws 1915. See *Powell* v. *Pierce,* 168 Mich. 427; *Austin* v. *Austin,* 173 Mich. 47.

The decree of the trial court fixed the amount required to be paid by Lifshitz to redeem from the Darmstaetter mortgage. Of this, Lifshitz may not complain. To it Ellison is entitled under the decree, and of the provision in this respect he makes no complaint.

The decrees are affirmed, with costs to appellees.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred with SHARPE, J.