HORBAL *v.* ST. JOHN'S GREEK CATHOLIC CHURCH.

1. EQUITY—ENROLLMENT OF DECREE IMPORTS VERITY—STATUTES.
   Twenty days after entry of final decree, if no appeal is taken
   and no rehearing asked for, decree in chancery cases may be
   enrolled, and enrollment imports verity; being conclusive evi-
   dence of its validity (3 Comp. Laws 1929, § 14520).

2. MORTGAGES—FORECLOSURE—SALE PENDING APPEAL.
   Party making sale pending appeal in foreclosure proceedings
   takes his chances on decree being upheld or reversed; he
   proceeds at his peril.

3. SAME—VOID DECREE.
   Valid foreclosure sale may not be based on void decree.

4. EQUITY—REVERSAL OF DECREE.
   Decree when reversed is no decree.

5. MORTGAGES—FORECLOSURE—ENROLLMENT OF DECREE—APPEAL AND
   ERROR.
   Action of court clerk, on appeal from decree in foreclosure suit,
   in attaching together and certifying papers on file to Supreme
   Court, is not in fact enrollment of decree, and therefore does
   not import verity.

6. SAME—SALE PENDING APPEAL VOID WHERE DECREE REVERSED.
   Sale had under foreclosure decree while appeal therefrom was
   pending was void, where decree was reversed, although no
   bond was given for stay of proceedings (3 Comp. Laws 1929,
   § 15511).

Appeal from Wayne; Webster (Clyde I.), J. Sub-
mitted June 14, 1933. (Docket No. 43, Calendar
No. 37,209.) Decided August 29, 1933.

Proceedings by Anthony Horbal and another
against St. John's Greek Catholic Church of De-
troit, Michigan, to foreclose a mortgage. On peti-
tion of defendant to set aside a sale on foreclosure

held under a decree reversed on appeal. From order permitting redemption, defendant appeals. Reversed, and remanded.

*John Panchuk,* for plaintiffs.

*Cyrowski, Cyrowski & Cyrowski,* for defendant.

Potter, J.   January 4, 1933, defendant, St. John's Greek Catholic Church of Detroit, petitioned to set aside a mortgage sale held in pursuance of decree of the trial court reversed in 260 Mich. 331. Plaintiffs answered, alleging the validity of the sale and its confirmation. Plaintiffs in *Horbal* v. *St. John's Greek Catholic Church,* 260 Mich. 331, sought by bill to foreclose two mortgages in one suit. A decree of foreclosure as to both was entered by the trial court. On appeal, one of the mortgages sought to be foreclosed was found to be null and void. The decree entered by the trial court was reversed and a new decree entered by this court. The sale of the mortgaged premises was based upon a decree which no longer exists, which was reversed, vacated, and held for naught. It is claimed by plaintiffs the sale was valid, though based upon an invalid decree which was reversed, because the decree of reversal did not hold the first mortgage being foreclosed void. After 20 days from the entry of a final decree, if no appeal is taken and no petition for rehearing filed, chancery cases may be enrolled (3 Comp. Laws 1929, § 14520); and, when enrolled, a certified copy of a decree affecting real estate may be recorded in the office of the register of deeds (3 Comp. Laws 1929, § 14522). Enrollment imports verity. It establishes the final, conclusive, unimpeachable character of the decree. It is conclusive evidence of its validity. There can be no enroll-

ment of a decree appealed from or if petition for rehearing is pending. If an appeal is taken in a foreclosure case without giving a bond, there can be no enrollment. There was no stay of proceedings (3 Comp. Laws 1929, § 15511) and hence a party making a sale pending appeal took his chances upon the decree being upheld or reversed.

In *Pinel* v. *Pinel,* 172 Mich. 611, it was held the plaintiff might proceed with foreclosure on his original decree at his peril.

In *Gerasimos* v. *Wartell,* 244 Mich. 588, it is said:

"The action of the clerk on appeal in attaching together and certifying the papers on file is, in effect, an enrollment of the decree."

A valid sale cannot be based upon a void decree. A decree when reversed is no decree. The action of the clerk on appeal in attaching together and certifying the papers on file to the Supreme Court is not in fact an enrollment of the decree under facts such as are involved in this case. It does not import verity. Instead of being conclusive evidence the decree of the trial court is final, conclusive, and unappealed from, it is conclusive evidence the decree may not be held to be final and conclusive, because appealed from, and that, if a sale of lands is made pending the disposition of such appeal, it will be held good if the decree of the lower court is affirmed—that is, held to be final and conclusive—but bad if such decree is reversed or set aside—held not to be final and conclusive. The statute, 3 Comp. Laws 1929, §15511, in declaring an appeal from a decree of foreclosure shall not operate to stay proceedings thereon unless a bond is given, does not attempt to hold such sales valid. It only says to

the moving party you may act on the decree already entered, but take your chances. This case is to be distinguished from *Walker* v. *Schultz,* 175 Mich. 280, and similar cases. In that case the decree under which the sale was made was valid. In this case the decree was void. That case concerned irregularities in the sale. This case involves a sale under an invalid decree. In that case it was held the irregularities were sufficient to vitiate the sale made, but held the bill to set aside the sale would be considered as a bill to redeem, and if the premises were not redeemed, "the premises can be again sold as in foreclosure." Here there is no valid, binding, and conclusive decree back of the sale. The decree upon which it was based was set aside. When the decree on which the sale was based was reversed and set aside, the sale based thereon was without jurisdictional foundation, and, in effect, no sale. Possession taken under a sale held void can confer no rights. The decree of the trial court is reversed with costs. The sale made is held void. The case will be remanded for further proceeding in the circuit court.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.